1   SAMUEL C. TAYLOR (State Bar No. 086580)
2   TODD BENOFF (State Bar No. 192983)
    ELIZABETH A. SPERLING (State Bar No. 231474)
3   CASSANDRA HOOKS (State Bar No. 244471)
    **ALSTON & BIRD LLP**
4   333 South Hope Street
    Suite 1600
5   Los Angeles, California 90071
    Telephone: (213) 576-1000
6   Facsimile: (213) 576-1100
    Email: Sam.Taylor@alston.com
7          Todd.Benoff@alston.com
           Elizabeth.Sperling@alston.com
8          Cassandra.Hooks@alston.com

9   Attorneys for Defendants
    Electrolux Home Products, Inc., erroneously
10  sued herein as Electrolux Major Appliances North America,
    Electrolux North America, Inc., and Frigidaire;
11  and Sears, Roebuck and Co.

12                  **UNITED STATES DISTRICT COURT**

13                  **CENTRAL DISTRICT OF CALIFORNIA**

14

15  REUBEN ISHII, MAYUMI ISHII, AND      Case No. **SACV10-00832 JVS (RNBx)**
    KAYDEN ISHII, A MINOR, BY AND
16  THROUGH HIS GUARDIAN AD LITEM,       **DEFENDANTS ELECTROLUX**
    REUBEN ISHII, AND REUBEN ISHII AS    **HOME PRODUCTS, INC. AND**
17  SUCCESSOR IN INTEREST OF KAYLEE      **SEARS, ROEBUCK AND CO.'S**
    ISHII, DECEASED,                     **NOTICE OF REMOVAL TO**
18                                       **UNITED STATES DISTRICT**
                 Plaintiff,              **COURT PURSUANT TO**
19                                       **28 U.S.C. § 1441**
        v.
20                                       Filing date: April 19, 2010
    SEARS, ROEBUCK AND CO., SEARS
21  HOLDINGS CORPORATION,
    FRIGIDAIRE, ELECTROLUX MAJOR
22  APPLIANCES NORTH AMERICA, and
    DOES 1 to 100, inclusive,
23
                 Defendant.
24

25

26

27

28

COPY

FILED
CLERK, U.S. DISTRICT COURT

JUN 11 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2   **CENTRAL DISTRICT OF CALIFORNIA:**

3         **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. Sections 1441 and
4   1446, Defendants Electrolux Home Products, Inc., erroneously sued herein as
5   Electrolux Major Appliances North America, Electrolux North America, Inc., and
6   Frigidaire ("Electrolux") and Sears, Roebuck and Co. ("Sears") (collectively,
7   "Defendants"), by and through their counsel of record, hereby remove the above-titled
8   action from the Superior Court of the State of California for the County of Orange,
9   where the above-titled action was filed, to the United States District Court for the
10  Central District of California.  This Court has jurisdiction over this action pursuant to
11  28 U.S.C. Section 1332.

12        As grounds for this removal, Defendants demonstrate to the Court as follows:

13

14  **TIMELINESS OF REMOVAL**

15        1.    On April 19, 2010, Plaintiffs Reuben Ishii, Mayumi Ishii, Kayden Ishii, a
16  minor, by and through his Guardian ad Litem, Reuben Ishii, and Reuben Ishii as
17  Successor in Interest of Kaylee Ishii, deceased ("Plaintiffs"), filed this wrongful death
18  action in the Orange County Superior Court, *Ishii v. Sears, Roebuck, and Co., et al.,*
19  Orange County Superior Court, Case No. 30-2010-00364742 ("State Court Action").
20  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.  It is also
21  attached to the concurrently filed Appendix of State Court Proceedings as Exhibit 1.

22        2.    In their Complaint, Plaintiffs allege causes of action for (1) wrongful
23  death, (2) product liability – negligence/wrongful death, (3) strict products
24  liability/wrongful death, (4) breach of expressed warranty/wrongful death, (5) breach
25  of implied warranty/wrongful death, (6) false representation/wrongful death, (7)
26  negligent infliction of emotional distress, (8) product liability – negligence/survivor
27  action, (9) strict products liability/survivor action, (10) breach of expressed
28  warranty/survivor action, (11) breach of implied warranty/survivor action, (12) false

1

31906196v3

1   representation/survivor action, and (13) punitive damages. [*See generally*, Complaint,
2   Ex. A.]

3       3.      On May 13, 2010, Plaintiffs served Sears, via CT Corporation System in
4   Los Angeles, California, its statutory agent for service of process, with a Summons
5   and Complaint. The Summons and Complaint on Sears is attached as **Exhibit A**.

6       4.      On May 20, 2010, Plaintiffs served Electrolux's counsel, via United
7   States Mail, with a Summons and Complaint with Notices of Acknowledgment and
8   requests for waiver of service for Electrolux North America, Inc. and Frigidaire. The
9   Summons and Complaint with Notices of Acknowledgment were received by United
10  States Mail by Electrolux's counsel on May 24, 2010. A true and correct copy of the
11  Summons and Complaint and Notices of Acknowledgment to Electrolux are attached
12  as **Exhibit A**.

13      5.      Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed
14  within thirty (30) days after the first defendant's (Sears) receipt of the Summons and
15  Complaint setting forth the causes of action upon which the above-captioned action is
16  based.

17
18                                    **VENUE**

19      6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a),
20  and 84(c)(3) because the United States District Court for the Central District of
21  California is the federal judicial district embracing the Orange County Superior Court
22  where the State Court Action was originally filed.

23
24                            **DIVERSITY JURISDICTION**

25      7.      This is a civil action over which this Court has original jurisdiction, and
26  one which Defendants may remove to this Court, pursuant to the provisions of 28
27  U.S.C. §§ 1332(a) and 1441(b), in that the matter in controversy exceeds the sum of
28  $75,000.00, exclusive of interests and costs, and is between citizens of different

31906196v3

1  States.

2       8.   Plaintiffs' Citizenship.  Plaintiffs are individuals whose residence and

3  domicile are in Orange County, California, and are citizens of the State of California.

4  [*See* Complaint at ¶ 1.]

5       9.   Defendants' Citizenship.   Defendant Sears, Roebuck and Co. is a

6  corporation organized, incorporated, and existing under the laws of the State of New

7  York, with its principal place of business in Hoffman Estates, Illinois. [*See* Complaint

8  at ¶ 2.]  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Sears, Roebuck and Co. is a

9  citizen of the State of New York and of the State of Illinois.

10      10.  Defendant Sears Holdings Corporation is a corporation organized,

11 incorporated, and existing under the laws of the State of Delaware, with its principal

12 place of business in Hoffman Estates, Illinois.  [*See* Complaint at ¶ 2.]  Therefore,

13 pursuant to 28 U.S.C. § 1332(c)(1), Sears Holdings Corporation is a citizen of the

14 State of Delaware and of the State of Illinois.

15      11.  Defendant Electrolux Home Products, Inc. is a corporation organized,

16 incorporated, and existing under the laws of the State of Delaware, with its principal

17 place of business in the State of Georgia.   Therefore, pursuant to 28 U.S.C. §

18 1332(c)(1), Electrolux is a citizen of the State of Delaware and of the State of

19 Georgia.

20      12.  Frigidaire is a registered trade name of Electrolux.  Its business records

21 were filed in the State of Ohio.  Pursuant to 28 U.S.C. § 1441(a), for purposes of

22 removal, "the citizenship of defendants sued under fictitious names shall be

23 disregarded."  Accordingly, the citizenship of Frigidaire is disregarded for purposes of

24 the diversity of citizenship analysis.  *See Sennex, Inc. v. Prather*, 2008 U.S. Dist.

25 LEXIS 25632, 6-7 (W.D. Pa. Mar. 31, 2008) (disregarding the citizenship of a trade

26 name for the purposes of removal); *Andry v. Audubon Ins. Co.*, 2006 U.S. Dist.

27 LEXIS 93398 (E.D. La. Dec. 27, 2006) ("a trade name . . . cannot be considered for

28 the purposes of diversity jurisdiction.").

31906196v3

13.   DOES' Citizenship.  Plaintiffs also name DOES 1 to 100, inclusive, as parties to this action.  It is well-established that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal.  28 U.S.C. § 1441(a).  Therefore, the citizenship of DOES 1 to 100 is also disregarded for purposes of the diversity of citizenship analysis in the present matter.

14.   Accordingly, there exists complete diversity of citizenship in this action under 28 U.S.C. § 1332(a) because Plaintiffs are citizens of the State of California and Defendants are citizens of the States of New York, Illinois, Delaware and Georgia. All named defendants consent to this removal.

## AMOUNT IN CONTROVERSY

15.   The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.  According to Plaintiffs' Statements of Damages, served with the Summons and Complaint, plaintiff Reuben Ishii seeks $2,000,000.00 in general damages for loss of society and companionship and $15,000.00 for funeral expenses from Defendants; plaintiff Mayumi Ishii seeks general damages of $5,000,000.00 for emotional distress and $2,000,000.00 for loss of society and companionship, and $15,000.00 for funeral expenses from Defendants; plaintiff Kayden Ishii seeks general damages of $500,000.00 for emotional distress and $200,000.00 for loss of society and companionship from Defendants; and plaintiff Kaylee Ishii, by and through her successor in interest, Reuben Ishii, seeks $100,000.00 in medical expenses as well as unspecified punitive damages from Defendants.  True and correct copies of Plaintiffs' Statements of Damages are attached hereto as **Exhibit A**.

16.   Accordingly, based on the combination of alleged general damages, funeral and burial expenses, medical expenses, monetary damages for the loss of the decedent's companionship, and unspecified punitive damages that are sought in the Complaint, the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 29 U.S.C. § 1332(a).

31906196v3

1    **REMOVAL IS PROPER**

2    17.    This Court, therefore, has original jurisdiction over this action pursuant to

3    28 U.S.C. § 1332(a), and removal of this action to this Court is proper pursuant to 28

4    U.S.C. § 1441. Accordingly, this Action is properly removed to this Court pursuant to

5    the provisions of 28 U.S.C. §§ 1441 and 1446.

6    18.    Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served

7    upon Defendants in the State Court Action are attached to this Notice as **Exhibit A**

8    and are incorporated herein by reference.

9    19.    Pursuant to 28 U.S.C. § 1446(d), Defendants have filed this Notice with

10   this Court and are serving a true and correct copy of this Notice of Removal upon

11   counsel for all parties, and are filing a copy of this Notice in the Orange County

12   Superior Court.

13

14   **RESERVATION OF DEFENSES**

15   20.    Defendants reserve the right to amend or supplement this Notice of

16   Removal.

17   21.    Defendants reserve all defenses and counterclaims.

18

19   ///

20   ///

21   ///

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

31906196v3

1

## CONCLUSION

2       WHEREFORE, for the reasons set forth above, Defendants request that this

3   Court exercise full jurisdiction over this action as provided by law.

4   DATED: June 11, 2010        SAMUEL C. TAYLOR
                                TODD BENOFF
5                               ELIZABETH A. SPERLING
                                CASSANDRA HOOKS
6                               ALSTON & BIRD LLP

7

8                               _____
                                          Elizabeth A. Sperling
9                               Attorneys for Defendants
                                Electrolux Home Products, Inc., erroneously
                                sued herein as Electrolux Major Appliances
10                              North America, Electrolux North America, Inc., and
                                Frigidaire; and Sears, Roebuck and Co.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

31906196v3

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION,
FRIGIDAIRE,
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REUBEN ISHII, MAYUMI ISHII, KAYDEN ISHII, A MINOR, BY
AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII,

Additional Parties Attachment form is attached

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 19 2010

ALAN CARLSON, Clerk of the Court

BY: R. LUCEY   DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br>700 CIVIC CENTER DRIVE WEST, SANTA ANA, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2010 64742<br><br>JUDGE DAVID T. MCEACHEN<br>DEPT. C21 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin L. Elder, Esq.   (Bar # 148034)
Penney & Associates, 6536 Lonetree Boulevard, Rocklin, CA 95765

Fax No.: (916) 786-0144
Phone No.: (916) 786-7662

DATE:   APR 19 2010   ALAN CARLSON   Clerk, by   R. LUCEY   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   SEARS, ROEBUCK AND CO.

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*   5/13/10

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ISHII v. SEARS, ROEBUCK AND CO. | |

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 1 to 100, inclusive

Page _2_ of _3_

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

*LexisNexis® Automated California Judicial Council Forms*

8

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ISHII v. SEARS, ROEBUCK AND CO. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

AND REUBEN ISHII AS SUCCESSOR IN INTEREST OF KAYLEE ISHII, DECEASED

Page __3__ of __3__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

*LexisNexis® Automated California Judicial Council Forms*

9

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kevin L. Elder, Esq.    (Bar # 148034)<br>Penney & Associates<br>6536 Lonetree Boulevard<br>Rocklin, CA 95765<br>TELEPHONE NO.: (916) 786-7662    FAX NO. *(Optional)*: (916) 786-0144<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs REUBEN ISHII, MAYUMI ISHII, et al. | **FOR COURT USE ONLY** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SANTA ANA  92702-2014<br>BRANCH NAME: CENTRAL JUSTICE CENTER | |
| PLAINTIFF/PETITIONER: REUBEN ISHII, MAYUMI ISHII, et al.<br><br>DEFENDANT/RESPONDENT: SEARS, ROEBUCK AND CO., et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>30-2010-000364742 |

TO *(insert name of party being served)*: ELECTROLUX MAJOR APPLIANCES NORTH AMERICA

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 20, 2010

Diane D. Williams
(TYPE OR PRINT NAME)

► *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [ X ]  A copy of the summons and of the complaint.
2. [ X ]  Other *(specify):*

Declaration of Reuben Ishii, Successor in Interest of Kayley Ishii, Deceased; Alternative Dispute Resolution Information Packet; Civil Department Calendar Scheduling Chart; Statement of Damages as to each plaintiff.

*(To be completed by recipient):*

Date this form is signed: June 4, 2010

Elizabeth A. Sperling, Attorneys for
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
(see attached)

► *(signature)*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

Attorney for:
Electrolux Home Products, Inc.
erroneously sued herein as Frigidaire,
Electrolux Major Appliances North America,
and Electrolux North America, Inc.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin L. Elder, Esq.      (Bar # 148034)<br>Penney & Associates<br>6536 Lonetree Boulevard<br>Rocklin, CA 95765<br>      TELEPHONE NO.: (916) 786-7662      FAX NO. *(Optional):* (916) 786-0144<br>E-MAIL ADDRESS *(Optional):*<br>      ATTORNEY FOR *(Name):* Plaintiffs REUBEN ISHII, MAYUMI ISHII, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
      STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
      MAILING ADDRESS:
      CITY AND ZIP CODE: SANTA ANA 92702-2014
      BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: REUBEN ISHII, MAYUMI ISHII, et al.

DEFENDANT/RESPONDENT: SEARS, ROEBUCK AND CO., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2010-000364742 |
|---|---|

TO *(insert name of party being served):* FRIGIDAIRE

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 20, 2010

Diane D. Williams
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1.  [X]  A copy of the summons and of the complaint.
2.  [X]  Other *(specify):*

   Declaration of Reuben Ishii, Successor in Interest of Kayley Ishii, Deceased; Alternative Dispute Resolution Information Packet; Civil Department Calendar Scheduling Chart; Statement of Damages as to each plaintiff.

*(To be completed by recipient):*

Date this form is signed: June 4, 2010

Elizabeth A. Sperling, Attorneys for
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(see attached)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

Attorney for:
Electrolux Home Products, Inc.
erroneously sued herein as Frigidaire,
Electrolux Major Appliances North America,
and Electrolux North America, Inc.

13

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION,
FRIGIDAIRE,

Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REUBEN ISHII, MAYUMI ISHII, KAYDEN ISHII, A MINOR, BY
AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII,

Additional Parties Attachment form is attached

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 19 2010

ALAN CARLSON, Clerk of the Court

BY: ___R. LUCEY___ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br>700 CIVIC CENTER DRIVE WEST, SANTA ANA, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2010 00364742<br><br>JUDGE DAVID T. MCEACHEN<br>DEPT. C21 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin L. Elder, Esq.    (Bar # 148034)
Penney & Associates, 6536 Lonetree Boulevard, Rocklin, CA 95765

Fax No.: (916) 786-0144
Phone No.: (916) 786-7662

DATE:
*(Fecha)* APR 19 2010    ALAN CARLSON    Clerk, by    R. LUCEY    , Deputy
(Secretario)    (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

14

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ISHII v. SEARS, ROEBUCK AND CO. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 1 to 100, inclusive

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

LexisNexis® Automated California Judicial Council Forms

15

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ISHII v. SEARS, ROEBUCK AND CO. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

AND REUBEN ISHII AS SUCCESSOR IN INTEREST OF KAYLEE ISHII, DECEASED

Page __3__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

*LexisNexis® Automated California Judicial Council Forms*

1    Kevin L. Elder, Esq. (SBN 148034)
     PENNEY & ASSOCIATES
2    6536 Lonetree Boulevard
     Rocklin, California 95765
3    Telephone:   916-786-7662
     Facsimile:   916-786-0144
4

```
                                              FILED
                                     SUPERIOR COURT OF CALIFORNIA
                                         COUNTY OF ORANGE
                                       CENTRAL JUSTICE CENTER

                                         APR 19 2010

                                  ALAN CARLSON, Clerk of the Court

                                  BY:____R. LUCEY____,DEPUTY
```

5    Attorneys for Plaintiffs
     REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS
6    GUARDIAN AD LITEM, REUBEN ISHII, AND REUBEN ISHII AS SUCCESSOR IN
     INTEREST OF KAYLEE ISHII, DECEASED
7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ORANGE

10

11   REUBEN ISHII, MAYUMI ISHII, AND          )   Case No.:   **30-2010**
     KAYDEN ISHII, A MINOR, BY AND            )
12   THROUGH HIS GUARDIAN AD LITEM,           )      **00364742**
     REUBEN ISHII, AND REUBEN ISHII AS        )
13   SUCCESSOR IN INTEREST OF KAYLEE          )   **COMPLAINT FOR DAMAGES**
     ISHII, DECEASED,                         )
14                                            )
15              Plaintiffs,                   )   JUDGE DAVID T. MCEACHEN
                                              )         DEPT. C21
16        vs.                                 )
                                              )
17   SEARS, ROEBUCK AND CO., SEARS            )
18   HOLDINGS CORPORATION, FRIGIDAIRE,        )
     ELECTROLUX MAJOR APPLIANCES              )
19   NORTH AMERICA, and DOES 1 to 100,        )
     inclusive,                               )
20                                            )
21              Defendants.                   )
                                              )
22

23                                I

24                      **GENERAL ALLEGATIONS**

25        1.    REUBEN ISHII, MAYUMI ISHII and KAYDEN ISHII, a minor, by and through

26   his Guardian Ad Litem, REUBEN ISHII, are individuals residing in Orange County, California. At

27   all times mentioned in this Complaint, REUBEN and MAYUMI ISHII are the mother and father of

28   KAYLEY ISHII and KAYDEN ISHII. KAYLEH ISHII, deceased, and KAYDEN ISHII, a minor,

                                    1

1    age 2 ½ years old (DOB: 10/18/2007) are represented by REUBEN ISHII as successor in interest of

2    KAYLEY ISHII, and Guardian ad Litem for KAYDEN ISHII.

3       2.     SEARS, ROEBUCK AND CO. is a New York Corporation with its principal place

4    of business in Hoffman Estates, Illinois. At all times mentioned in this Complaint, SEARS,

5    ROEBUCK AND CO. was authorized to do business in California, and was actually doing business

6    in California, and was a subsidiary of, and/or otherwise was governed and controlled by, Defendant

7    SEARS HOLDINGS CORPORATION, a Delaware Corporation, with its principal place of

8    business in Hoffman Estates, Illinois.

9       3.     FRIGIDAIRE is an unknown business entity with its principal place of business in

10    Augusta, Georgia. At all times mentioned in this Complaint, FRIGIDAIRE was authorized to do

11    business in California, and was actually doing business in California, and was a subsidiary of,

12    and/or otherwise was governed and controlled by, Defendant ELECTROLUX MAJOR

13    APPLIANCES NORTH AMERICA, an unknown business entity, with its principal place of

14    business in Augusta, Georgia. At all times mentioned in this Complaint, ELECTROLUX MAJOR

15    APPPLIANCES NORTH AMERICA was authorized to do business in California, and was actually

16    doing business in California.

17       4.     The true names and capacities, whether individual, corporation, association or

18    otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are unknown to Plaintiffs who

19    therefore sue said Defendants by such fictitious names. Plaintiffs pray for leave to amend this

20    Complaint to insert the true names of said Defendants when such information becomes available.

21       5.     Plaintiffs are informed and believe, and thereon allege, that each fictitiously-named

22    Defendant is negligently or otherwise responsible in some manner for the occurrences herein

23    alleged, and that Plaintiffs' injuries and damages were legally caused by said negligence or other

24    conduct.

25       6.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned in

26    this Complaint, each of the Defendants was the agent and employee of each of the other remaining

27    Defendants, and in doing the things alleged in this Complaint, was acting within the course and

28    scope of this agency and employment, and each Defendant has ratified and approved the acts of its

2

1  agent.

2       7.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants

3  was the successor in interest to each of the remaining Defendants, and on that basis is liable for any

4  act or omission of the Defendants alleged in this Complaint.

5       8.     On or about March 19, 2005, Plaintiffs REUBEN and MAYUMI ISHII purchased a

6  new Kenmore Front Loading Washing Machine, Model No. 417-44152400, Serial No.

7  XC51130146, from Defendant Sears, Roebuck and Co., a subsidiary of Defendant, Sears Holdings

8  Corporation, at a retail Sears store in Orange County, California. It is believed and hereon alleged

9  that Defendants FRIGIDAIRE and/or ELECTROLUX MAJOR APPLIANCES NORTH

10  AMERICA designed and manufactured the front loading washing machine. The washing machine

11  was installed by Defendants on or about April 7, 2005 in the residence of Plaintiffs in Mission

12  Viejo, Orange County, California.

13       9.     The subject washing machine "Use and Care guide" states, among other things, the

14  following:

15                  DO NOT leave the washer door open. <u>An open door could entice</u>

16                  <u>children to hang on the door or crawl inside the washer</u>... Note: If
there are no small children present, leave the door ajar to prevent

17                  odor build up and improve venting of the unit.

18       Among other design and manufacturing defects, the subject washing machine was designed

19  and manufactured with an "easy start" press button located on the face of the washing machine at a

20  height easily accessible to even the smallest children, including fifteen (15) month old KAYDEN

21  ISHII. The "easy start" press button is a single action button that requires minimum pressure and

22  no other action to start the washing machine. Moreover, the washing machine was designed and

23  manufactured with a "safety measure" that <u>automatically locks the door during the entire wash</u>

24  <u>cycle</u>. The operating instructions state, among other things: "If the cycle is interrupted during spin,

25  <u>it will take approximately two to three minutes for the door lock to release.</u>"

26       10.    On or about February 2, 2009, KAYLEY ISHII, age four, climbed inside the front

27  loading washing machine. At or about the same time, her 1 year and 3 month old brother,

28  KAYDEN ISHII, caused the washing machine cycle to start. Kayley tumbled in the washing

3

COMPLAINT FOR DAMAGES

1   machine for more than two minutes before plaintiff MAYUMI ISHII observed her daughter

2   tumbling inside.  Notwithstanding mother's efforts to stop the washing machine from tumbling,

3   KAYLEY ISHII sustained serious and severe injuries, including but not limited to, blunt force

4   trauma to her head which caused her death.

5       11.    Before her death, Kayley Ishii incurred medical expenses resulting from her head

6   injuries.

7                                        II

8                           **FIRST CAUSE OF ACTION**

9                              **(WRONGFUL DEATH)**

10      COME NOW PLAINTIFFS, REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A

11   MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, AND FOR A

12   FIRST CAUSE OF ACTION FOR WRONGFUL DEATH AGAINST DEFENDANTS SEARS,

13   ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX

14   MAJOR   APPLIANCES   NORTH   AMERICA,   AND   FIRST   DOE   THROUGH   ONE

15   HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

16      12.    Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and

17   makes said paragraphs a part of this, the first cause of action, as though fully set forth herein.

18      13.    Plaintiffs REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII are the sole

19   surviving heirs-at-law of Kayley Ishii.  Plaintiff REUBEN ISHII is the decedent's surviving father

20   and Plaintiff MAYUMI ISHII is the decedent's surviving mother.  Plaintiff KAYDEN ISHII is the

21   decedent's surviving brother.

22      14.    Kayley Ishii was a minor at the time of her death, and had no surviving issue.

23   Plaintiff REUBEN ISHII has simultaneous to the filing of this action petitioned the Court to be

24   appointed Guardian ad Litem for plaintiff Kayden Ishii, age 2½, by order of the above-entitled

25   Court.

26      15.    As a direct and legal result of the negligence, carelessness, recklessness,

27   wantonness, and unlawfulness of Defendants, and each of them, and the resulting death, as

28   aforesaid, these Plaintiffs have sustained severe and serious injuries to their persons, all to

                                        4

1    Plaintiffs' damage in a sum within the jurisdiction of this Court and to be shown according to

2    proof.

3       16.    As a direct and legal result of the conduct of Defendants, and each of them, and the

4    death of their daughter/sister, Kayley Ishii, Plaintiffs REUBEN ISHII, MAYUMI ISHII and

5    KAYDEN ISHII have been deprived of the society and comfort of said daughter/sister, including

6    the loss of Kayley's love, companionship, comfort, affection, society, solace and moral support.

7       17.    As a direct and legal result of the conduct of Defendants, and each of them, and the

8    resulting death, as aforesaid, these Plaintiffs have been compelled to incur expenses, as well as

9    other special damages, all to the damage of these Plaintiffs, in the amount to be shown according to

10    proof.

11       WHEREFORE, Plaintiffs REUBEN ISHII, MAYUMI ISHII and KAYDEN ISHII pray for

12    judgment as set forth hereinafter.

13                              **III**

14               **SECOND CAUSE OF ACTION**

15       **(PRODUCT LIABILITY – NEGLIGENCE/WRONGFUL DEATH)**

16       AS AND FOR A FURTHER, SECOND, SEPARATE AND DISTINCT CAUSE OF

17    ACTION FOR PRODUCT LIABILITY – NEGLIGENCE/WRONGFUL DEATH PLAINTIFFS,

18    REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS

19    GUARDIAN AD LITEM, REUBEN ISHII COMPLAIN OF DEFENDANTS SEARS, ROEBUCK

20    AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR

21    APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE HUNDREDTH DOE,

22    INCLUSIVE, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

23       18.    Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and

24    make said paragraphs a part of this, the second cause of action, as though fully set forth herein.

25       19.    Plaintiffs REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII are the sole

26    surviving heirs-at-law of Kayley Ishii. Plaintiff REUBEN ISHII is the decedent's surviving father

27    and Plaintiff MAYUMI ISHII is the decedent's surviving mother. Plaintiff KAYDEN ISHII is the

28    decedent's surviving brother.

/ / /

20.     At all times herein mentioned, Defendants SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 1 through 20, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, researching, packaging, labeling, fabricating, constructing, analyzing, distributing, merchandising, recommending, advertising, promoting, marketing and selling a certain front loading washing machine and its component parts and constituents, for resale to and use by members of the general purpose for the purpose of washing clothing.

21.     At all times herein mentioned, Defendants SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 21 through 30, inclusive, and each of them, were engaged in the business of distributing, supplying and selling the said front loading washing machine and its component parts and constituents to retail outlets, so that same could be resold to the public by the said retail outlets.

22.     At all times herein mentioned, Defendants SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 31 through 40, inclusive, and each of them, were engaged in the business of selling at retail to members of the general public, the said front loading washing machine, which was to be used by the general public for the purpose of washing clothes.

23.     At all times herein mentioned, Defendants, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and Does 1 through 100, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the said front loading washing machine was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, researched, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold, for the use and purpose for which it was intended, it was likely to injure the person, or persons to whom it was used, or other members of the household and/or community.

///

24.     The Defendants, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and Does 1 through 100, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, researched or failed to research, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketing and sold the said front loading washing machine, and its component parts and constituents, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended.

25.     The defective and dangerous character and condition of the said front loading washing machine, and that it was unsafe for the use and purpose for which it was intended, was known to the Defendants, and each of them, or in the exercise of ordinary and reasonable care, should have been known and discovered by Defendants, and each of them.  Furthermore, the dangerous and defective character and condition of the said front loading washing machine was not made known to the Plaintiffs by the Defendants, and each of them.

26.     As a direct, proximate and legal result of the said negligence and carelessness of Defendants, and each of them, Kayley Ishii died as a result of her head injuries on February 2, 2009.

27.     As a result of the aforesaid injuries and wrongful death, Plaintiffs REUBEN ISHII, MAYUMI ISHII AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, have suffered and will suffer in the future with reasonable certainty, the loss of the love, companionship, comfort, affection, society, solace and moral support of Kayley Ishii in a monetary sum in excess of the jurisdictional limits of the Superior Court, Limited Jurisdiction.  In addition, Plaintiffs REUBEN AND MAYUMI ISHII have incurred expenses associated with the funeral services and burial of Kayley Ishii, deceased.  Moreover, REUBEN AND MAYUMI ISHII have incurred the cost of medical treatment following injuries to their daughter, Kayley Ishii, until pronouncement of death several hours after the injuries she sustained in the subject incident.

///

1   WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as

2   hereinafter set forth.

3                                   IV

4                       **THIRD CAUSE OF ACTION**

5             **(STRICT PRODUCTS LIABILITY/WRONGFUL DEATH)**

6       AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF

7   ACTION FOR STRICT PRODUCTS LIABILITY/WRONGFUL DEATH, PLAINTIFFS,

8   REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS

9   GUARDIAN AD LITEM, REUBEN ISHII COMPLAIN OF DEFENDANTS SEARS, ROEBUCK

10  AND CO., SEARS HOLDINGS CORPORATION, AND FRIGIDAIRE, ELECTROLUX MAJOR

11  APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE HUNDRETH DOE,

12  INCLUSIVE, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

13      28.   Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and

14  make said paragraphs a part of this, the third cause of action, as though fully set forth herein.

15      29.   Plaintiffs REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII are the sole

16  surviving heirs-at-law of Kayley Ishii. Plaintiff REUBEN ISHII is the decedent's surviving father

17  and Plaintiff MAYUMI ISHII is the decedent's surviving mother. Plaintiff KAYDEN ISHII is the

18  decedent's surviving brother.

19      30.   Defendants, and each of them, manufactured, designed, assembled, compounded,

20  tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed,

21  analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and

22  sold a certain front loading washing machine and its component parts and constituents, which was

23  intended by the Defendants, and each of them, to be used for the purpose of washing clothes and

24  other related activities.

25      31.   Defendants, and each of them, knew that said front loading washing machine was to

26  be purchased and used without inspection for defects by Plaintiffs and the general public.

27      32.   The said front loading washing machine was unsafe for its intended use by reason of

28  defects in its manufacture, design, testing, components and constituents, so that it would not safely

8

1  serve its purpose, but would instead expose the users of said product to serious injury, including
2  death, because of the failure of Defendants, and each of them, to properly guard and protect the
3  users of the said front loading washing machine from the defective design of said product.

4      33.    Plaintiffs were not aware of said defects at any time prior to the injuries caused by
5  the said defective front loading washing machine.

6      34.    As a direct, proximate and legal result of said negligence and carelessness of
7  Defendants, and each of them, Kayley Ishii died as a result of her head injuries on February 2,
8  2009.

9      35.    As a result of the aforesaid injuries and wrongful death, Plaintiffs REUBEN ISHII,
10  MAYUMI ISHII AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD
11  LITEM, REUBEN ISHII, have suffered and will suffer in the future with reasonable certainty, the
12  loss of the love, companionship, comfort, affection, society, solace and moral support of Kayley
13  Ishii in a monetary sum in excess of the jurisdictional limits of the Superior Court, Limited
14  Jurisdiction.  In addition, Plaintiffs REUBEN AND MAYUMI ISHII have incurred expenses
15  associated with the funeral services and burial of Kayley Ishii, deceased.  Moreover, REUBEN
16  AND MAYUMI ISHII have incurred the cost of medical treatment following injuries to their
17  daughter, Kayley Ishii, until pronouncement of death several hours after the injuries she sustained
18  in the subject incident.

19      WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as
20  hereinafter set forth.

21                                              **V**

22                             **FOURTH CAUSE OF ACTION**

23                  **(BREACH OF EXPRESSED WARRANTY/WRONGFUL DEATH)**

24      AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF
25  ACTION FOR BREACH OF EXPRESSED WARRANTY/WRONGFUL DEATH, PLAINTIFFS
26  REUBEN ISHII, MAYUMI ISHII AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS
27  GUARDIAN AD LITEM, REUBEN ISHII, COMPLAIN OF DEFENDANTS, SEARS,
28  ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX
   MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE

                                              9

1  HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

2      36.    Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and

3  make said paragraphs a part of this, the fourth cause of action, as though fully set forth herein.

4      37.    Plaintiffs REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII are the sole

5  surviving heirs-at-law of Kayley Ishii.  Plaintiff REUBEN ISHII is the decedent's surviving father

6  and Plaintiff MAYUMI ISHII is the decedent's surviving mother.  Plaintiff KAYDEN ISHII is the

7  decedent's surviving brother.

8      38.    At all times herein mentioned, on and prior to February 2, 2009, the Defendants, and

9  each of them, utilized advertising media, professional publications and detail person to urge the use

10  and purchase of the said front loading washing machine, and expressly warranted to members of

11  the general public, including the Plaintiffs herein, that the said front loading washing machine, was

12  effective, proper and safe for its intended use.

13      39.    Plaintiffs relied upon the said expressed warranty representations of the defendants,

14  and each of them, in the purchase and use of said front loading washing machine.

15      40.    The said front loading washing machine was not effective, proper and safe for its

16  intended use as expressly warranted by Defendants, and each of them, in that the said front loading

17  washing machine was defective, thereby causing serious injury and wrongful death to Kayley Ishii.

18      41.    Within a reasonable time after discovery and belief that the said front loading

19  washing machine was defective and unsafe for its intended use, Plaintiffs notified defendants of the

20  breach of said expressed warranty in the manner and form prescribed by law.

21      42.    As a direct, proximate and legal result of the breach of said expressed warranty,

22  Kayley Ishii wrongfully died as hereinabove set forth.

23      43.    As a result of the aforesaid injuries and wrongful death, Plaintiffs REUBEN ISHII,

24  MAYUMI ISHII AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD

25  LITEM, REUBEN ISHII, have suffered and will suffer in the future with reasonable certainty, the

26  loss of the love, companionship, comfort, affection, society, solace and moral support of Kayley

27  Ishii in a monetary sum in excess of the jurisdictional limits of the Superior Court, Limited

28  Jurisdiction.  In addition, Plaintiffs REUBEN AND MAYUMI ISHII have incurred expenses

COMPLAINT FOR DAMAGES

26

1 associated with the funeral services and burial of Kayley Ishii, deceased. Moreover, REUBEN
2 AND MAYUMI ISHII have incurred the cost of medical treatment following injuries to their
3 daughter, Kayley Ishii, until pronouncement of death several hours after the injuries she sustained
4 in the subject incident.

5 WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as
6 hereinafter set forth.

**VI**

**<u>FIFTH CAUSE OF ACTION</u>**

**<u>(BREACH OF IMPLIED WARRANTY/WRONGFUL DEATH)</u>**

10 AS AND FOR A FURTHER, FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION
11 FOR BREACH OF IMPLIED WARRANTY/WRONGFUL DEATH, PLAINTIFFS REUBEN
12 ISHII, MAYUMI ISHII AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS
13 GUARDIAN AD LITEM, REUBEN ISHII, COMPLAIN OF DEFENDANTS, SEARS,
14 ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX
15 MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE
16 HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

17 44. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and
18 makes said paragraphs a part of this, the fifth cause of action, as though fully set forth herein.

19 45. Plaintiffs REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII are the sole
20 surviving heirs-at-law of Kayley Ishii. Plaintiff REUBEN ISHII is the decedent's surviving father
21 and Plaintiff MAYUMI ISHII is the decedent's surviving mother. Plaintiff KAYDEN ISHII is the
22 decedent's surviving brother.

23 46. Prior to February 2, 2009 and prior to the time that the said front loading washing
24 machine was being used by Plaintiffs at the time of the subject incident, the Defendants, and each
25 of them, impliedly warranted to members of the general public, including Plaintiffs, that the said
26 front loading washing machine was of merchantable quality and safe for the use for which it was
27 intended by the Defendants, namely, for the purpose of washing clothes, and other related
28 activities.

11

47.   Plaintiffs relied on the skill and judgment of Defendants, and each of them, in the selection, purchase and use of the said front loading washing machine.

48.   The said front loading washing machine was not safe for its intended use nor was it of merchantable quality as warranted by Defendants, and each of them, in that it was defectively designed, thereby dangerously exposing the user of said front loading washing machine and those around it to serious injury, including death.

49.   Within a reasonable time after discovery and belief that the said front loading washing machine was defective and unsafe for its intended use, Plaintiffs notified defendants of the breach of said implied warranty in the manner and form prescribed by law.

50.   As a direct, proximate and legal result of the breach of said implied warranty, Kayley Ishii wrongfully died as hereinabove set forth.

51.   As a result of the aforesaid injuries and wrongful death, Plaintiffs REUBEN ISHII, MAYUMI ISHII AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, have suffered and will suffer in the future with reasonable certainty, the loss of the love, companionship, comfort, affection, society, solace and moral support of Kayley Ishii in a monetary sum in excess of the jurisdictional limits of the Superior Court, Limited Jurisdiction.   In addition, Plaintiffs REUBEN AND MAYUMI ISHII have incurred expenses associated with the funeral services and burial of Kayley Ishii, deceased.   Moreover, REUBEN AND MAYUMI ISHII have incurred the cost of medical treatment following injuries to their daughter, Kayley Ishii, until pronouncement of death several hours after the injuries she sustained in the subject incident.

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as hereinafter set forth.

## VII

## SIXTH CAUSE OF ACTION

## (FALSE REPRESENTATION

## UNDER RESTATEMENT OF TORTS, 2nd, §402-B/WRONGFUL DEATH)

AS AND FOR A FURTHER, SIXTH, SEPARATE AND DISTINCT CAUSE OF ACTION

28

1  FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS, 2nd, §402-
2  B/WRONGFUL DEATH PLAINTIFFS REUBEN ISHII, MAYUMI ISHII AND KAYDEN ISHII,
3  A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, COMPLAIN
4  OF DEFENDANTS, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION,
5  FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE
6  THROUGH ONE HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES
7  AS FOLLOWS:

8      52.   Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and
9  make said paragraphs a part of this, the sixth cause of action, as though fully set forth herein.

10     53.   Plaintiffs REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII are the sole
11  surviving heirs-at-law of Kayley Ishii.  Plaintiff REUBEN ISHII is the decedent's surviving father
12  and Plaintiff MAYUMI ISHII is the decedent's surviving mother.  Plaintiff KAYDEN ISHII is the
13  decedent's surviving brother.

14     54.   At the aforementioned time when Defendants, and each of them, manufactured,
15  designed, assembled, compounded, tested or failed to test, researched or failed to research,
16  packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised,
17  recommended, advertised, promoted, marketed and sold the said front loading washing machine,
18  and its component parts and constituents, as herein above set forth, the Defendants, and each of
19  them, expressly and impliedly represented to members of the general public, including Plaintiffs,
20  that the said front loading washing machine and its component parts and constituents, was of
21  merchantable quality and safe for the use for which it was intended.

22     55.   Plaintiffs relied upon said representations of Defendants, and each of them, in the
23  selection, purchase and use of said front loading washing machine.

24     56.   Said representations by Defendants, and each of them, were false and untrue, in that
25  the said front loading washing machine was not safe for its intended use, nor was it of merchantable
26  quality as represented by Defendants, and each of them, in that it had very dangerous propensities
27  and defects that caused injury and damage to the users of said product, including Plaintiffs, thereby
28  threatening the health and life of Plaintiffs.

57.   As a proximate result, said front loading washing machine was purchased from Defendants, and each of them, and Kayley Ishii, through the wrongful acts and the aforementioned conduct of Defendants, and each of them, died.

58.   As a result of the aforesaid injuries and wrongful death, Plaintiffs REUBEN ISHII, MAYUMI ISHII AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, have suffered and will suffer in the future with reasonable certainty, the loss of the love, companionship, comfort, affection, society, solace and moral support of Kayley Ishii in a monetary sum in excess of the jurisdictional limits of the Superior Court, Limited Jurisdiction.   In addition, Plaintiffs REUBEN AND MAYUMI ISHII have incurred expenses associated with the funeral services and burial of Kayley Ishii, deceased.   Moreover, REUBEN AND MAYUMI ISHII have incurred the cost of medical treatment following injuries to their daughter, Kayley Ishii, until pronouncement of death several hours after the injuries she sustained in the subject incident.

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as hereinafter set forth.

## VIII

### SEVENTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

AS AND FOR A FURTHER, SEVENTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS PLAINTIFFS MAYUMI ISHII AND KAYDEN ISHII COMPLAIN OF DEFENDANTS, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

59.   Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, and make said paragraphs a part of this, the seventh cause of action, as though fully set forth herein.

60.   Plaintiff MAYUMI ISHII was the mother of Kayley Ishii.   Plaintiff KAYDEN ISHII was the younger brother to Kayley Ishii.

14

61.     Plaintiffs MAYUMI ISHII and KAYDEN ISHII were present at the scene of the injury producing event on February 2, 2009.   Plaintiff KAYDEN ISHII contemporaneously observed the start-up of the washing machine, the tumbling of his sister Kayley inside the washing machine, and the attempt to resuscitate and save her life.   Plaintiff MAYUMI ISHII personally observed her daughter, Kayley Ishii, tumbling in the washing machine for at least one minute during which time she was attempting to stop the cycle.   Mayumi also observed the injuries, resuscitation and attempts to save the life of her daughter Kayley.

62.     As a direct, proximate and legal result of the negligence and wrongful conduct of Defendants, and each of them, as alleged in each cause of action contained herein, Plaintiffs, MAYUMI ISHII and KAYDEN ISHII suffered severe, substantial and enduring emotional distress all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as hereinafter set forth.

## IX

## **EIGHTH CAUSE OF ACTION**

### **(PRODUCT LIABILITY – NEGLIGENCE/SURVIVOR ACTION)**

AS AND FOR A FURTHER, EIGHTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR PRODUCT LIABILITY – NEGLIGENCE/SURVIVOR ACTION PLAINTIFF REUBEN ISHII, AS SUCCESSOR IN INTEREST OF KAYLEY ISHII, COMPLAINS OF DEFENDANTS, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

63.     Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and makes said paragraphs a part of this, the eighth cause of action, as though fully set forth herein.

64.     Plaintiff REUBEN ISHII, is the Successor in interest to Kayley Ishii, for purposes of bringing an action under C.C.P. §377.30, et. seq., and has complied with C.C.P.

15

1  §377.32.

2      65.    At all times herein mentioned, Defendants SEARS, ROEBUCK AND CO., SEARS

3  HOLDINGS CORPORATION, FRIGIDAIRE, and DOES 1 through 20, inclusive, and each of

4  them, were engaged in the business of manufacturing, designing, assembling, compounding,

5  testing, inspecting, researching, packaging, labeling, fabricating, constructing, analyzing,

6  distributing, merchandising, recommending, advertising, promoting, marketing and selling a certain

7  front loading washing machine and its component parts and constituents, for resale to and use by

8  members of the general purpose for the purpose of washing clothing.

9      66.    At all times herein mentioned, Defendants SEARS, ROEBUCK AND CO., SEARS

10  HOLDINGS CORPORATION, FRIGIDAIRE and DOES 21 through 30, inclusive, and each of

11  them, were engaged in the business of distributing, supplying and selling the said front loading

12  washing machine and its component parts and constituents to retail outlets, so that same could be

13  resold to the public by the said retail outlets.

14      67.    At all times herein mentioned, Defendants SEARS, ROEBUCK AND CO., SEARS

15  HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH

16  AMERICA, and DOES 31 through 40, inclusive, and each of them, were engaged in the business of

17  selling at retail to members of the general public, the said front loading washing machine, which

18  was to be used by the general public for the purpose of washing clothes.

19      68.    At all times herein mentioned, Defendants, SEARS, ROEBUCK AND CO., SEARS

20  HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH

21  AMERICA, and Does 1 through 100, and each of them, knew, or in the exercise of ordinary and

22  reasonable care should have known, that the said front loading washing machine was a product of

23  such a nature that if it was not properly manufactured, designed, assembled, compounded, tested,

24  inspected, researched, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced,

25  merchandised, recommended, advertised, promoted, marketed and sold, for the use and purpose for

26  which it was intended, it was likely to injure the person, or persons to whom it was used, or other

27  members of the household and/or community.

28  ///

16

69. The Defendants, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and Does 1 through 100, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, researched or failed to research, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketing and sold the said front loading washing machine, and its component parts and constituents, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended.

70. The defective and dangerous character and condition of the said front loading washing machine, and that it was unsafe for the use and purpose for which it was intended, was known to the Defendants, and each of them, or in the exercise of ordinary and reasonable care, should have been known and discovered by Defendants, and each of them. Furthermore, the dangerous and defective character and condition of the said front loading washing machine was not made known to the Plaintiffs by the Defendants, and each of them.

71. As a direct, proximate and legal result of the said negligence and carelessness of Defendants, and each of them, Kayley Ishii sustained severe injuries as a result of blunt force trauma to her head on February 2, 2009 which later resulted in her death.

72. Before her death, Kaylee Ishii incurred medical and incidental expenses resulting from her personal injuries.

WHEREFORE, Plaintiff REBUEN ISHII, as successor in interest of Kayley Ishii, prays for judgment as set forth hereinafter.

## X

## NINTH CAUSE OF ACTION

## (STRICT PRODUCTS LIABILITY/SURVIVOR ACTION)

AS AND FOR A FURTHER, NINTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY/SURVIVOR ACTION PLAINTIFF REUBEN ISHII, AS SUCCESSOR IN INTEREST OF KAYLEY ISHII, DECEASED, COMPLAINS OF DEFENDANTS, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION,

17

1  FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE
2  THROUGH ONE HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES
3  AS FOLLOWS:

4        73.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and
5  makes said paragraphs a part of this, the ninth cause of action, as though fully set forth herein.

6        74.    Plaintiff REUBEN ISHII, is the Successor in interest to Kayley Ishii, deceased, for
7  purposes of bringing an action under C.C.P. §377.30, et. seq., and has complied with C.C.P.
8  §377.32.

9        75.    Defendants, and each of them, manufactured, designed, assembled, compounded,
10  tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed,
11  analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and
12  sold a certain front loading washing machine and its component parts and constituents, which was
13  intended by the Defendants, and each of them, to be used for the purpose of washing clothes and
14  other related activities.

15        76.    Defendants, and each of them, knew that said front loading washing machine was to
16  be purchased and used without inspection for defects by Plaintiffs and the general public.

17        77.    The said front loading washing machine was unsafe for its intended use by reason of
18  defects in its manufacture, design, testing, components and constituents, so that it would not safely
19  serve its purpose, but would instead expose the users of said product to serious injury, including
20  death, because of the failure of Defendants, and each of them, to properly guard and protect the
21  users of the said front loading washing machine from the defective design of said product.

22        78.    Plaintiffs were not aware of said defects at any time prior to the injuries caused by
23  the said defective front loading washing machine.

24        79.    As a direct, proximate and legal result of the said negligence and carelessness of
25  Defendants, and each of them, Kayley Ishii sustained severe injuries as a result of blunt force
26  trauma to her head on February 2, 2009 which later resulted in her death.

27        80.    Before her death, Kaylee Ishii incurred medical and incidental expenses resulting
28  from her personal injuries.

COMPLAINT FOR DAMAGES

1      WHEREFORE, Plaintiff REBUEN ISHII, as successor in interest of Kayley Ishii, prays for

2  judgment as set forth hereinafter.

3  **XI**

4  **TENTH CAUSE OF ACTION**

5  **(BREACH OF EXPRESSED WARRANTY/SURVIVOR ACTION)**

6      AS AND FOR A FURTHER, TENTH, SEPARATE AND DISTINCT CAUSE OF

7  ACTION FOR BREACH OF EXPRESSED WARRANTY/SURVIVOR ACTION, PLAINTIFF

8  REUBEN ISHII, AS SUCCESSOR IN INTEREST OF KAYLEY ISHII, DECEASED,

9  COMPLAINS OF DEFENDANTS, SEARS, ROEBUCK AND CO., SEARS HOLDINGS

10  CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA,

11  AND FIRST DOE THROUGH ONE HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM,

12  AND ALLEGES AS FOLLOWS:

13      81.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and

14  makes said paragraphs a part of this, the tenth cause of action, as though fully set forth herein.

15      82.    Plaintiff REUBEN ISHII, is the Successor in interest to Kayley Ishii, deceased, for

16  purposes of bringing an action under C.C.P. §377.30, et. seq., and has complied with C.C.P.

17  §377.32.

18      83.    At all times herein mentioned, on and prior to February 2, 2009, the Defendants, and

19  each of them, utilized advertising media, professional publications and detail person to urge the use

20  and purchase of the said front loading washing machine, and expressly warranted two members of

21  the general public, including the Plaintiffs herein, that the said front loading washing machine, was

22  effective, proper and safe for its intended use.

23      84.    Plaintiffs relied upon the said expressed warranty representations of the defendants,

24  and each of them, in the purchase and use of said front loading washing machine.

25      85.    The said front loading washing machine, was not effective, proper and safe for its

26  intended use as expressly warranted by Defendants, and each of them, in that the said front loading

27  washing machine was defective, thereby causing serious injury and wrongful death to Kayley Ishii.

28  ///

19

86.   Within a reasonable time after discovery and belief that the said front loading washing machine was defective and unsafe for its intended use, Plaintiffs notified defendants of the breach of said expressed warranty in the manner and form prescribed by law.

87.   As a direct, proximate and legal result of the said negligence and carelessness of Defendants, and each of them, Kayley Ishii sustained severe injuries as a result of blunt force trauma to her head on February 2, 2009 which later resulted in her death.

88.   Before her death, Kaylee Ishii incurred medical and incidental expenses resulting from her personal injuries.

WHEREFORE, Plaintiff REBUEN ISHII, as successor in interest of Kayley Ishii prays for judgment as set forth hereinafter.

## XII

### ELEVETH CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY/SURVIVOR ACTION)

AS AND FOR A FURTHER, ELEVENTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY/SURVIVOR ACTION, PLAINTIFF REUBEN ISHII, AS SUCCESSOR IN INTEREST OF KAYLEY ISHII, DECEASED, COMPLAINS OF DEFENDANTS, SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

89.   Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and makes said paragraphs a part of this, the eleventh cause of action, as though fully set forth herein.

90.   Plaintiff REUBEN ISHII, is the Successor in interest to Kayley Ishii, deceased, for purposes of bringing an action under C.C.P. §377.30, et. seq., and has complied with C.C.P. §377.32.

91.   Prior to February 2, 2009 and prior to the time that the said front loading washing machine was being used by Plaintiffs at the time of the subject incident, the Defendants, and each of them, impliedly warranted to members of the general public, including Plaintiffs, that the said

20

1   front loading washing machine was of merchantable quality and safe for the use for which it was
2   intended by the Defendants, namely, for the purpose of washing clothes, and other related
3   activities.

4       92.   Plaintiffs relied on the skill and judgment of Defendants, and each of them, in the
5   selection, purchase and use of the said front loading washing machine.

6       93.   The said front loading washing machine was not safe for its intended use nor was it
7   of merchantable quality as warranted by Defendants, and each of them, in that it was defectively
8   designed, thereby dangerously exposing the user of said front loading washing machine and those
9   around it to serious injury, including death.

10      94.   Within a reasonable time after discovery and belief that the said front loading
11  washing machine was defective and unsafe for its intended use, Plaintiffs notified defendants of the
12  breach of said expressed warranty in the manner and form prescribed by law.

13      95.   As a direct, proximate and legal result of the said negligence and carelessness of
14  Defendants, and each of them, Kayley Ishii sustained severe injuries as a result of blunt force
15  trauma to her head on February 2, 2009 which later resulted in her death.

16      96.   Before her death, Kaylee Ishii incurred medical and incidental expenses resulting
17  from her personal injuries.

18      WHEREFORE, Plaintiff REBUEN ISHII, as successor in interest of Kayley Ishii prays for
19  judgment as set forth hereinafter.

20                                    **XIII**

21                      **TWELFTH CAUSE OF ACTION**

22                       **(FALSE REPRESENTATION**

23  **UNDER RESTATEMENT OF TORTS, 2nd, §402-B/SURVIVOR ACTION)**

24      AS AND FOR A FURTHER, TWELFTH, SEPARATE AND DISTINCT CAUSE OF
25  ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS, 2nd, §402-
26  B/SURVIVOR ACTION PLAINTIFF REUBEN ISHII, AS SUCCESSOR IN INTEREST OF
27  KAYLEY ISHII, DECEASED, COMPLAINS OF DEFENDANTS, SEARS, ROEBUCK AND
28  CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR

1 | APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE HUNDREDTH DOE,
2 | INCLUSIVE, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

3      97.   Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and
4 | makes said paragraphs a part of this, the twelfth cause of action, as though fully set forth herein.

5      98.   Plaintiff REUBEN ISHII, is the Successor in interest to Kayley Ishii, deceased, for
6 | purposes of bringing an action under C.C.P. §377.30, et. seq., and has complied with C.C.P.
7 | §377.32.

8      99.   At the aforementioned time when Defendants, and each of them, manufactured,
9 | designed, assembled, compounded, tested or failed to test, researched or failed to research,
10 | packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised,
11 | recommended, advertised, promoted, marketed and sold the said front loading washing machine,
12 | and its component parts and constituents, as herein above set forth, the Defendants, and each of
13 | them, expressly and impliedly represented to members of the general public, including Plaintiffs,
14 | that the said front loading washing machine and its component parts and constituents, was of
15 | merchantable quality and safe for the use for which it was intended.

16      100.   Plaintiffs relied upon said representations of Defendants, and each of them, in the
17 | selection, purchase and use of said front loading washing machine.

18      101.   Said representations by Defendants, and each of them, were false and untrue, in that
19 | the said front loading washing machine was not safe for its intended use, nor was it of merchantable
20 | quality as represented by Defendants, and each of them, in that it had very dangerous propensities
21 | and defects that caused injury and damage to the users of said product, including Plaintiffs, thereby
22 | threatening the health and life of Plaintiffs.

23      102.   As a direct, proximate and legal result of the said negligence and carelessness of
24 | Defendants, and each of them, Kayley Ishii sustained severe injuries as a result of blunt force
25 | trauma to her head on February 2, 2009 which later resulted in her death.

26      103.   Before her death, Kaylee Ishii incurred medical and incidental expenses resulting
27 | from her personal injuries.

28 | ///

COMPLAINT FOR DAMAGES

1    WHEREFORE, Plaintiff REBUEN ISHII, as successor in interest of Kayley Ishii, prays for

2  judgment as set forth hereinafter.

3                                               **XIV**

4                              **THIRTEENTH CAUSE OF ACTION**

5                              **(CLAIM FOR PUNITIVE DAMAGES)**

6    AS AND FOR A FURTHER, THIRTEENTH, SEPARATE AND DISTINCT CAUSE OF

7  ACTION FOR PUNITIVE DAMAGES, PLAINTIFF REUBEN ISHII, AS SUCCESSOR IN

8  INTEREST OF KAYLEY ISHII, DECEASED, COMPLAINS OF DEFENDANTS, SEARS,

9  ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX

10  MAJOR APPLIANCES NORTH AMERICA, AND FIRST DOE THROUGH ONE

11  HUNDREDTH DOE, INCLUSIVE, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

12    104.    Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and

13  makes said paragraphs a part of this, the thirteenth cause of action, as though fully set forth herein.

14    105.    Plaintiff REUBEN ISHII, is the Successor in interest to Kayley Ishii, deceased, for

15  purposes of bringing an action under C.C.P. §377.30, et. seq., and has complied with C.C.P.

16  §377.32.

17    106.    Defendants, and each of them, manufactured, designed, assembled, compounded,

18  tested or failed to test, inspect or failed to inspect, packaged, labeled, fabricated, constructed,

19  analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and

20  sold the said front loading washing machine, and its component parts, a product which said

21  Defendants knew to be dangerous and unsafe for the purpose for which they intended it to be used,

22  namely for washing clothing.   At all times herein mentioned, prior to and at the time the

23  Defendants, and each of them, sold the said front loading washing machine to Plaintiff REUBEN

24  ISHII, and prior to the time that said product was used by Plaintiff, the Defendants, and each of

25  them, knew, as a result of clinical studies, tests, research, complaints of other users and other

26  information, that the said front loading washing machine, and its component parts, was defectively

27  designed and manufactured, that it had extremely dangerous propensities and defects, in that it was

28  designed in such a way that a 15 (fifteen) month old child was able to start the washing machine

1    110.   The conduct and acts of Defendants, and each of them, as herein above set forth, in

2  allowing such an extremely dangerous product to be used by members of the general public,

3  including Plaintiff, constitute fraud, malice and oppression toward Plaintiff, and a conscious

4  disregard of the safety of Plaintiff.  Plaintiff is therefore entitled to exemplary or punitive damages,

5  which would serve to punish and make examples of the Defendants, and each of them, as the Court

6  may deem just and proper.

7    111.  WHEREFORE, Plaintiff REBUEN ISHII, as successor in interest of Kayley Ishii,

8  prays for judgment as set forth hereinafter.

9                                    **XV**

10                                  **PRAYER**

11    WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

12  follows:

13    1.    For each of the Plaintiffs general damages as alleged herein and according to proof;

14    2.    For exemplary or punitive damages as the jury may deem just and proper;

15    3.    For burial and funeral expenses associated with Kayley Ishii's death;

16    4.    For medical and incidental related expenses for treatment provided to Kayley Ishii

17  prior to her death as a result of the subject incident;

18    5.    For monetary damages for Plaintiffs REUBEN ISHII, MAYUMI ISHII, AND

19  KAYDEN ISHII's loss of the love, companionship, comfort, affection, society, solace and moral

20  support;

21    6.    For pre-judgment interest according to proof, pursuant to Civil Code Section 3291;

22    7.    For Plaintiffs' cost of suit herein; and;

23    8.    For such other and further relief as the Court may deem just and proper.

24    Dated:  April 16, 2010

25                                    PENNEY & ASSOCIATES

26

27                                    _____
                                      Kevin D. Elder, Esq.
28                                    Attorney for Plaintiffs
                                      Reuben and Mayumi Ishii, Kayden Ishii and
                                      Kayley Ishii

                                      25

RECEIVED
SUPERIOR COURT OF CALIFORNIA
CENTRAL JUSTICE CENTER

APR 19 2010

BY:    B. RYAN

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 19 2010

ALAN CARLSON, Clerk of the Court

BY:    R. LUCEY    DEPUTY

1   Kevin L. Elder, Esq. (SBN 148034)
    PENNEY & ASSOCIATES
2   6536 Lonetree Boulevard
    Rocklin, California 95765
3   Telephone:    916-786-7662
    Facsimile:    916-786-0144
4

5   Attorneys for Plaintiffs
    REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS
6   GUARDIAN AD LITEM, REUBEN ISHII, AND REUBEN ISHII AS SUCCESSOR IN
7   INTEREST OF KAYLEY ISHII, DECEASED

8             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF ORANGE

10   REUBEN ISHII, MAYUMI ISHII, AND      Case No.:   **30-2010**
11   KAYDEN ISHII, A MINOR, BY AND              **00364742**
     THROUGH HIS GUARDIAN AD LITEM,
12   REUBEN ISHII, AND REUBEN ISHII AS
     SUCCESSOR IN INTEREST OF KAYLEY    **DECLARATION OF REUBEN ISHII,**
13   ISHII, DECEASED,                 **SUCCESSOR IN INTEREST OF KAYLEY**
                                    **ISHII, DECEASED**
14
               Plaintiffs,           **C.C.P. §377.32**
15
        vs.                         JUDGE DAVID T. McEACHEN
16                               DEPT. C21
     SEARS, ROEBUCK AND CO.; SEARS
17   HOLDINGS CORPORATION, FRIGIDAIRE,
     ELECTOLUX MAJOR APPLIANCES
18   NORTH AMERICA and DOES 1 to 100,
19   inclusive,
20
              Defendants.
21

22       I, REUBEN ISHII, have personal knowledge of and declare as follows:

23      1.      The decedent in the above entitled case is Kayley Ishii.

24      2.      Kayley Ishii died on February 2, 2009 at Mission Hospital Regional Medical Center.

25      3.      No proceeding is now pending in California for administration of the decedent's
26   estate.

27      4.      The estate of Kayley Ishii has not been administered.

28      5.      I am the decedent's successor in interest (as defined in Section 377.11 of the
     California Code of Civil Procedure) and succeed to the decedent's interest in this action. I am the

1.

1    father of Kayley Ishii.  At the time of her death, she was an unmarried minor and had no surviving

2    issue.  At the time of her death, she lived with her mother and I.  Mayumi Ishii and I are a married

3    couple who resided together at the time of the incident and through the present.

4         6.      No other person has a superior right to commence this action or to be substituted for

5    the decedent in the pending action or proceeding.

6         7.      A true and correct copy of the death certificate of Kayley Ishii is attached as Exhibit

7    1 to this Declaration.

8         I declare under penalty of perjury under the laws of the State of California that the

9    foregoing is true and correct.

10        Executed on this _30th_ day of _March_ , 2010 in the city of Aliso Viejo, County of

11   Orange, California.

12                                                                    3/30/10

13                                                      Reuben Ishii, Declarant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    2

CERTIFICATION OF VITAL RECORD

# COUNTY OF ORANGE
## HEALTH CARE AGENCY
1200 N. MAIN STREET, SUITE 100-A
SANTA ANA, CA 92701

CERTIFICATE OF DEATH

LOCAL REGISTRATION NUMBER 3200930001734

| NAME OF DECEDENT—FIRST (Given) | MIDDLE | LAST (Family) |
|---|---|---|
| KAYLEY | MOEKA | ISHII |

DATE OF BIRTH 05/09/2004   AGE 4   SEX F

BIRTH STATE/FOREIGN COUNTRY JAPAN   SOCIAL SECURITY NUMBER 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

MARITAL STATUS NEVER MARRIED   DATE OF DEATH 02/02/2009

RACE ASIAN

USUAL OCCUPATION CHILD   KIND OF BUSINESS OR INDUSTRY NONE

DECEDENT'S RESIDENCE 28401 LOS ALISOS BLVD #4110
CITY MISSION VIEJO   COUNTY ORANGE   ZIP CODE 92692   STATE CA

INFORMANT'S NAME, RELATIONSHIP REUBEN ISHII, FATHER
MAILING ADDRESS 28401 LOS ALISOS BLVD #4110, MISSION VIEJO, CA

NAME OF SURVIVING SPOUSE—FIRST   MIDDLE   LAST

NAME OF FATHER—FIRST REUBEN   MIDDLE MATSUTO   LAST ISHII   BIRTH STATE CA

NAME OF MOTHER—FIRST MAYUMI   MIDDLE   LAST MURANO   BIRTH STATE JAPAN

DISPOSITION DATE 02/07/2009   PLACE OF FINAL DISPOSITION PACIFIC VIEW MEMORIAL PARK
3500 PACIFIC VIEW DRIVE, CORONA DEL MAR, CA 92625

TYPE OF DISPOSITION CR/BUR   SIGNATURE OF EMBALMER JEFFREY TURNER   LICENSE NUMBER FDR2693

NAME OF FUNERAL ESTABLISHMENT O'CONNOR MORTUARY   FD 1293   PHYSICIAN ERIC G. HANDLER M.D.   DATE 02/08/2009

PLACE OF DEATH MISSION HOSPITAL REGIONAL MEDICAL CENTER

COUNTY ORANGE   27700 MEDICAL CENTER ROAD   CITY MISSION VIEJO

IMMEDIATE CAUSE OF DEATH PENDING INVESTIGATION

CORONER'S CASE NUMBER 09-00981-MI

OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH

SIGNATURE KELLY KEYES   DATE 02/03/2009   TYPE NAME, TITLE KELLY KEYES, DEPUTY CORONER

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA
COUNTY OF ORANGE    SS

DATE ISSUED FEB 0 9 2009

This is a true and exact reproduction of the document officially registered and placed on file in the office of the VITAL RECORDS SECTION, ORANGE COUNTY HEALTH CARE AGENCY.

ERIC G. HANDLER, M.D.
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

43

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

    (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

    (2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

    (3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

    (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

45

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:        Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name):*       Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility -- 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor -- Newport Beach Facility -- 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North -- 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West -- 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                     California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☒ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92853-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>NEUTRAL SELECTION AND PARTY LIST**<br><br>☐Arbitration ☐Mediation ☐Neutral Evaluation | CASE NUMBER: |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>STIPULATION, AND FILE IT WITH THE COURT.)**

**ADR NEUTRAL SELECTION**

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel. For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding. In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate. The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use<br>L2748 (New February 2008)                    www.occourts.org

| Short Title: | Case Number: |
|---|---|

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____ 2._____ 3._____ 4._____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers.   Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

50

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C19 | MARGINES 657-622-5219 | Wednesday 1:30 p.m. NOTE: Due to Court Closure on the third Wednesday of the month, Motions are heard on Thursday at 1:30 p.m. | Daily 1:30 p.m. | 10:00 a.m. | 10:30 a.m. | No | Notice must be given to opposing party by 10:00 a.m. day before ex parte hearing. |
| C21 | MCEACHEN 657-622-5221 | Tuesday 1:30 p.m. | M, T, W, Th 9:00 a.m. | 12:00 p.m. | 3:00 p.m. | yes | |
| C14 | MILLER 657-622-5214 | Tuesday 1:30 p.m. | T, W, Th, F 8:30 a.m. | 9:00 a.m. | 4:00 p.m. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes – noon day of hearing | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. NOTE: for L&M, Dept. C14 requires parties call the dept. to check availability of a motion date prior to filing their motion by calling (657) 622-5214. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5214 to reserve a date no later than noon, the day prior to the hearing. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7684 or (888) 88-COURT |
| C12 | MOBERLY 657-622-5212 | Friday 1:30 p.m. | M, T, W, Th, 1:30 p.m. | Noon | 3:00 p.m. | Yes – 4:30 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5212 to reserve a date no later than noon, the day prior to the hearing. |

# SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C16 | MONROE 657-622-5216 | Tuesday 2:00 p.m. | T, W, Th 8:30 a.m. | Noon | 4:00 p.m. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes - by 4:00 p.m. the day before | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m. |
| C23 | MOSS 657-622-5223 | Friday 10:00 a.m. | Daily 8:30 a.m. | Not required | 12:00 p.m. | Yes - by 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C13 | MUÑOZ 657-622-5213 | Thursday 2:00 pm | M, T, W, Th 8:30 a.m. | 10:00 a.m. | Noon. | Yes - by 4:00 p.m. the day before | |
| C64 | MYERS 657-622-5264 | Thursday Unlimited/ Omni 1:30 p.m. Limited 2:30 p.m. | M, T, W, Th 1:30 p.m. Fri 11:00 a.m.- emergency only | 4:00 p.m. if day prior to the hearing is Monday-Thursday; 3:00 P.M. if day prior to the hearing is Friday. | M, T, W, Th, 10:00 a.m. day of ex parte; Friday 9:00 a.m. day of ex parte | No | |
| C4 | NAKAMURA 657-622-5204 | Thursday 2:00 p.m. | M, T, W, Th 1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th, 10:00 a.m. day of ex parte | Yes - by 4:00 p.m. the day before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. |
| C32 | PERK 657-622-5232 | Friday 11:00 a.m. | M, T, W, Th 9:00 a.m. | Noon. | 10:00 a.m. the day of hearing | Yes - by 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing |

52

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin L. Elder, Esq.   (State Bar # 148034)  PENNEY & ASSOCIATES  6536 LONETREE BOULEVARD  ROCKLIN, CA 95765 | (916) 786-7662  FAX NO.:  (916) 786-0144 | |

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES  (Personal Injury or Wrongful Death) | CASE NUMBER:  30-2010-00364742 |
|---|---|

To (name of one defendant only): FRIGIDAIRE
Plaintiff (name of one plaintiff only): REUBEN ISHII
seeks damages in the above-entitled action, as follows:

**AMOUNT**

**1. General damages**
a. ☐ Pain, suffering, and inconvenience ............................................................................ $ _____
b. ☐ Emotional distress. ....................................................................................................... $ _____
c. ☐ Loss of consortium ...................................................................................................... $ _____
d. ☒ Loss of society and companionship (wrongful death actions only) ........................... $    2,000,000.00
e. ☐ Other (specify) ............................................................................................................ $ _____
f. ☐ Other (specify) ............................................................................................................ $ _____
g. ☐ Continued on Attachment 1.g.

**2. Special damages**
a. ☐ Medical expenses (to date) ......................................................................................... $ _____
b. ☐ Future medical expenses (present value) ................................................................... $ _____
c. ☐ Loss of earnings (to date) ........................................................................................... $ _____
d. ☐ Loss of future earning capacity (present value) .......................................................... $ _____
e. ☐ Property damage ......................................................................................................... $ _____
f. ☒ Funeral expenses (wrongful death actions only) ....................................................... $       15,000.00
g. ☐ Future contributions (present value) (wrongful death actions only) ........................... $ _____
h. ☐ Value of personal service, advice, or training (wrongful death actions only) ............. $ _____
i. ☐ Other (specify) ............................................................................................................ $ _____
j. ☐ Other (specify) ............................................................................................................ $ _____
k. ☐ Continued on Attachment 2.k.

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use  Judicial Council of California  CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115  www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

53

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA  95765 | TELEPHONE NO.:<br>(916) 786-7662<br>FAX NO.:<br>(916) 786-0144 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII and MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., ET AL.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To (name of one defendant only): FRIGIDAIRE
Plaintiff (name of one plaintiff only): MAYUMI ISHII
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

  a. ☐ Pain, suffering, and inconvenience ........................................................ $ _____

  b. ☒ Emotional distress. ........................................................................... $   5,000,000.00

  c. ☐ Loss of consortium ........................................................................... $ _____

  d. ☒ Loss of sociey and companionship (wrongful death actions only) ...................... $   2,000,000.00

  e. ☐ Other (specify) ............................................................................... $ _____

  f. ☐ Other (specify) ............................................................................... $ _____

  g. ☐ Continued on Attachment 1.g.

**2. Special damages**

  a. ☐ Medical expenses (to date) ................................................................ $ _____

  b. ☐ Future medical expenses (present value) ................................................ $ _____

  c. ☐ Loss of earnings (to date) .................................................................. $ _____

  d. ☐ Loss of future earning capacity (present value) ........................................ $ _____

  e. ☐ Property damage ............................................................................. $ _____

  f. ☒ Funeral expenses (wrongful death actions only) ...................................... $   15,000.00

  g. ☐ Future contributions (present value) (wrongful death actions only) ................... $ _____

  h. ☐ Value of personal service, advice, or training (wrongful death actions only) ......... $ _____

  i. ☐ Other (specify) ............................................................................... $ _____

  j. ☐ Other (specify) ............................................................................... $ _____

  k. ☐ Continued on Attachment 2.k.

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
  when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

(Proof of service on reverse)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

54

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin L. Elder, Esq.  (State Bar # 148034) <br> PENNEY & ASSOCIATES <br> 6536 LONETREE BOULEVARD <br> ROCKLIN, CA  95765 | (916) 786-7662 <br> FAX NO.: <br> (916) 786-0144 | |

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA,  92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> 30-2010-00364742 |
|---|---|

To (name of one defendant only): FRIGIDAIRE
Plaintiff (name of one plaintiff only): KAYDEN ISHII, by and trhough his Guardian ad Litem, REUBEN ISHII
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. ☐ Pain, suffering, and inconvenience ........................................................................ $ _____

b. ☒ Emotional distress. ............................................................................................... $  500,000.00

c. ☐ Loss of consortium .............................................................................................. $ _____

d. ☒ Loss of society and companionship (wrongful death actions only) ..................... $  200,000.00

e. ☐ Other (specify) _____ ...................................................................................... $ _____

f. ☐ Other (specify) _____ ...................................................................................... $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☐ Medical expenses (to date) ................................................................................. $ _____

b. ☐ Future medical expenses (present value) .......................................................... $ _____

c. ☐ Loss of earnings (to date) ................................................................................... $ _____

d. ☐ Loss of future earning capacity (present value) ................................................ $ _____

e. ☐ Property damage ................................................................................................. $ _____

f. ☐ Funeral expenses (wrongful death actions only) ................................................ $ _____

g. ☐ Future contributions (present value) (wrongful death actions only) ................... $ _____

h. ☐ Value of personal service, advice, or training (wrongful death actions only) ..... $ _____

i. ☐ Other (specify) _____ ...................................................................................... $ _____

j. ☐ Other (specify) _____ ...................................................................................... $ _____

k. ☐ Continued on Attachment 2.k.

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

(Proof of service on reverse)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

LexisNexis® Automated California Judicial Council Forms

55

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA 95765 | TELEPHONE NO.:<br>**(916) 786-7662**<br>FAX NO.:<br>**(916) 786-0144** | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR *(name)*: Plaintiffs REUBEN and MAYUMI ISHII, et al. | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA,  92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To *(name of one defendant only)*: FRIGIDAIRE
Plaintiff *(name of one plaintiff only)*: KAYLEE ISHII, by and through Successor in Interest REUBEN ISHII
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. ☐ Pain, suffering, and inconvenience ............................................................... $ _____

b. ☐ Emotional distress. ..................................................................................... $ _____

c. ☐ Loss of consortium .................................................................................... $ _____

d. ☐ Loss of society and companionship *(wrongful death actions only)* ................ $ _____

e. ☐ Other *(specify)* ......................................................................................... $ _____

f. ☐ Other *(specify)* ......................................................................................... $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☒ Medical expenses *(to date)* ...................................................................... $   100,000.00

b. ☐ Future medical expenses *(present value)* .................................................. $ _____

c. ☐ Loss of earnings *(to date)* ........................................................................ $ _____

d. ☐ Loss of future earning capacity *(present value)* ........................................ $ _____

e. ☐ Property damage ....................................................................................... $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* ........................................ $ _____

g. ☐ Future contributions *(present value) (wrongful death actions only)* .............. $ _____

h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____

i. ☐ Other *(specify)* ......................................................................................... $ _____

j. ☐ Other *(specify)* ......................................................................................... $ _____

k. ☐ Continued on Attachment 2.k.

**3.** ☒ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $   Unknown
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

56

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA  95765 | TELEPHONE NO.:<br>(916) 786-7662<br>FAX NO.:<br>(916) 786-0144 | FOR COURT USE ONLY |

ATTORNEY FOR *(name)*: Plaintiffs REUBEN and MAYUMI ISHII, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| | |
|---|---|
| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |

To *(name of one defendant only)*: ELECTROLUX MAJOR APPLIANCES NORTH AMERICA
Plaintiff *(name of one plaintiff only)*: REUBEN ISHII
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| **1. General damages** | |
| a. ☐ Pain, suffering, and inconvenience ................................................................ | $ _____ |
| b. ☐ Emotional distress. ................................................................................ | $ _____ |
| c. ☐ Loss of consortium ................................................................................ | $ _____ |
| d. ☒ Loss of society and companionship *(wrongful death actions only)* ................ | $   2,000,000.00 |
| e. ☐ Other *(specify)* ................................................................................... | $ _____ |
| f. ☐ Other *(specify)* ................................................................................... | $ _____ |
| g. ☐ Continued on Attachment 1.g. | |
| **2. Special damages** | |
| a. ☐ Medical expenses *(to date)* ...................................................................... | $ _____ |
| b. ☐ Future medical expenses *(present value)* .................................................... | $ _____ |
| c. ☐ Loss of earnings *(to date)* ....................................................................... | $ _____ |
| d. ☐ Loss of future earning capacity *(present value)* .......................................... | $ _____ |
| e. ☐ Property damage ..................................................................................... | $ _____ |
| f. ☒ Funeral expenses *(wrongful death actions only)* .......................................... | $   15,000.00 |
| g. ☐ Future contributions *(present value) (wrongful death actions only)* .............. | $ _____ |
| h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* .. | $ _____ |
| i. ☐ Other *(specify)* ................................................................................... | $ _____ |
| j. ☐ Other *(specify)* ................................................................................... | $ _____ |
| k. ☐ Continued on Attachment 2.k. | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

(Proof of service on reverse)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

57

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA  95765 | (916) 786-7662<br>FAX NO.:<br>(916) 786-0144 | |

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII and MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., ET AL.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To (name of one defendant only): ELECTROLUX MAJOR APPLIANCES NORTH AMERICA
Plaintiff (name of one plaintiff only): MAYUMI ISHII
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. ☐ Pain, suffering, and inconvenience ................................................................ $ _____

b. ☒ Emotional distress. ................................................................................... $ 5,000,000.00

c. ☐ Loss of consortium ................................................................................... $ _____

d. ☒ Loss of sociey and companionship (wrongful death actions only) ............................... $ 2,000,000.00

e. ☐ Other (specify) _____ $ _____

f. ☐ Other (specify) _____ $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☐ Medical expenses (to date) ........................................................................ $ _____

b. ☐ Future medical expenses (present value) ...................................................... $ _____

c. ☐ Loss of earnings (to date) ........................................................................ $ _____

d. ☐ Loss of future earning capacity (present value) .............................................. $ _____

e. ☐ Property damage ................................................................................... $ _____

f. ☒ Funeral expenses (wrongful death actions only) ............................................. $ 15,000.00

g. ☐ Future contributions (present value) (wrongful death actions only) ........................ $ _____

h. ☐ Value of personal service, advice, or training (wrongful death actions only) .............. $ _____

i. ☐ Other (specify) _____ $ _____

j. ☐ Other (specify) _____ $ _____

k. ☐ Continued on Attachment 2.k.

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

58

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA  95765 | TELEPHONE NO.:<br>(916) 786-7662<br>FAX NO.:<br>(916) 786-0144 | FOR COURT USE ONLY |
| ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al. | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To (name of one defendant only): ELECTROLUX MAJOR APPLIANCES NORTH AMERICA
Plaintiff (name of one plaintiff only): KAYDEN ISHII, by and trhough his Guardian ad Litem, REUBEN ISHII
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. General damages | |
| a. ☐ Pain, suffering, and inconvenience ............................................................ | $ _____ |
| b. ☒ Emotional distress. .................................................................................... | $ 500,000.00 |
| c. ☐ Loss of consortium ...................................................................................... | $ _____ |
| d. ☒ Loss of society and companionship (wrongful death actions only) ................ | $ 200,000.00 |
| e. ☐ Other (specify) .......................................................................................... | $ _____ |
| f. ☐ Other (specify) .......................................................................................... | $ _____ |
| g. ☐ Continued on Attachment 1.g. | |
| 2. Special damages | |
| a. ☐ Medical expenses (to date) ........................................................................ | $ _____ |
| b. ☐ Future medical expenses (present value) .................................................... | $ _____ |
| c. ☐ Loss of earnings (to date) .......................................................................... | $ _____ |
| d. ☐ Loss of future earning capacity (present value) ........................................... | $ _____ |
| e. ☐ Property damage ....................................................................................... | $ _____ |
| f. ☐ Funeral expenses (wrongful death actions only) .......................................... | $ _____ |
| g. ☐ Future contributions (present value) (wrongful death actions only) ................ | $ _____ |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) ...... | $ _____ |
| i. ☐ Other (specify) .......................................................................................... | $ _____ |
| j. ☐ Other (specify) .......................................................................................... | $ _____ |
| k. ☐ Continued on Attachment 2.k. | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
   when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

59

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA 95765 | TELEPHONE NO.:<br>(916) 786-7662<br>FAX NO.:<br>(916) 786-0144 | FOR COURT USE ONLY |

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To (name of one defendant only): ELECTROLUX MAJOR APPLIANCES NORTH AMERICA
Plaintiff (name of one plaintiff only): KAYLEE ISHII, by and through Successor in Interest REUBEN ISHII
seeks damages in the above-entitled action, as follows:

**1. General damages**                                                                                                  AMOUNT
  a. ☐ Pain, suffering, and inconvenience ............................................................................ $ _____
  b. ☐ Emotional distress. ........................................................................................................ $ _____
  c. ☐ Loss of consortium ......................................................................................................... $ _____
  d. ☐ Loss of sociey and companionship (wrongful death actions only) .............................. $ _____
  e. ☐ Other (specify) ................................................................................................................ $ _____
  f. ☐ Other (specify) ................................................................................................................ $ _____
  g. ☐ Continued on Attachment 1.g.

**2. Special damages**
  a. ☒ Medical expenses (to date) ........................................................................................... $ ___100,000.00
  b. ☐ Future medical expenses (present value) ..................................................................... $ _____
  c. ☐ Loss of earnings (to date) .............................................................................................. $ _____
  d. ☐ Loss of future earning capacity (present value) ........................................................... $ _____
  e. ☐ Property damage ............................................................................................................. $ _____
  f. ☐ Funeral expenses (wrongful death actions only) ........................................................... $ _____
  g. ☐ Future contributions (present value) (wrongful death actions only) ............................. $ _____
  h. ☐ Value of personal service, advice, or training (wrongful death actions only) ................ $ _____
  i. ☐ Other (specify) ................................................................................................................ $ _____
  j. ☐ Other (specify) ................................................................................................................ $ _____
  k. ☐ Continued on Attachment 2.k.

**3.** ☒ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ ___Unknown
     when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)          ▶ _[signature]_
                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

60

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

**CIV-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin L. Elder, Esq.   (State Bar # 148034) PENNEY & ASSOCIATES 6536 LONETREE BOULEVARD ROCKLIN, CA 95765 | (916) 786-7662 FAX NO.: (916) 786-0144 | |

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 30-2010-00364742 |
|---|---|

To (name of one defendant only): SEARS, ROEBUCK AND CO.
Plaintiff (name of one plaintiff only): REUBEN ISHII
seeks damages in the above-entitled action, as follows:

**AMOUNT**

**1. General damages**

| | | AMOUNT |
|---|---|---|
| a. ☐ Pain, suffering, and inconvenience | $ | |
| b. ☐ Emotional distress. | $ | |
| c. ☐ Loss of consortium | $ | |
| d. ☒ Loss of society and companionship (wrongful death actions only) | $ | 2,000,000.00 |
| e. ☐ Other (specify) | $ | |
| f. ☐ Other (specify) | $ | |
| g. ☐ Continued on Attachment 1.g. | | |

**2. Special damages**

| | | |
|---|---|---|
| a. ☐ Medical expenses (to date) | $ | |
| b. ☐ Future medical expenses (present value) | $ | |
| c. ☐ Loss of earnings (to date) | $ | |
| d. ☐ Loss of future earning capacity (present value) | $ | |
| e. ☐ Property damage | $ | |
| f. ☒ Funeral expenses (wrongful death actions only) | $ | 15,000.00 |
| g. ☐ Future contributions (present value) (wrongful death actions only) | $ | |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) | $ | |
| i. ☐ Other (specify) | $ | |
| j. ☐ Other (specify) | $ | |
| k. ☐ Continued on Attachment 2.k. | | |

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use Judicial Council of California CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115 www.courtinfo.ca.gov
Page 1 of 2
LexisNexis® Automated California Judicial Council Forms

61

**CIV-050**

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|
| Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA 95765 | (916) 786-7662<br>FAX NO:<br>(916) 786-0144 | |

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII and MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., ET AL.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To (name of one defendant only): SEARS, ROEBUCK AND CO.
Plaintiff (name of one plaintiff only): MAYUMI ISHII
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. ☐ Pain, suffering, and inconvenience | $ | |
| b. ☒ Emotional distress | $ | 5,000,000.00 |
| c. ☐ Loss of consortium | $ | |
| d. ☒ Loss of society and companionship (wrongful death actions only) | $ | 2,000,000.00 |
| e. ☐ Other (specify) | $ | |
| f. ☐ Other (specify) | $ | |
| g. ☐ Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. ☐ Medical expenses (to date) | $ | |
| b. ☐ Future medical expenses (present value) | $ | |
| c. ☐ Loss of earnings (to date) | $ | |
| d. ☐ Loss of future earning capacity (present value) | $ | |
| e. ☐ Property damage | $ | |
| f. ☒ Funeral expenses (wrongful death actions only) | $ | 15,000.00 |
| g. ☐ Future contributions (present value) (wrongful death actions only) | $ | |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) | $ | |
| i. ☐ Other (specify) | $ | |
| j. ☐ Other (specify) | $ | |
| k. ☐ Continued on Attachment 2.k. | | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Page 1 of 2

62

LexisNexis® Automated California Judicial Council Forms

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Kevin L. Elder, Esq.  (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA  95765 | TELEPHONE NO.:<br>(916) 786-7662<br>FAX NO.:<br>(916) 786-0144 | FOR COURT USE ONLY |
| ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al. | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To (name of one defendant only): SEARS, ROEBUCK AND CO.
Plaintiff (name of one plaintiff only): KAYDEN ISHII, by and through his Guardian ad Litem, REUBEN ISHII
seeks damages in the above-entitled action, as follows:

|   | | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. ☐ Pain, suffering, and inconvenience | $ | |
| b. ☒ Emotional distress. | $ | 500,000.00 |
| c. ☐ Loss of consortium | $ | |
| d. ☒ Loss of society and companionship (wrongful death actions only) | $ | 200,000.00 |
| e. ☐ Other (specify) | $ | |
| f. ☐ Other (specify) | $ | |
| g. ☐ Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. ☐ Medical expenses (to date) | $ | |
| b. ☐ Future medical expenses (present value) | $ | |
| c. ☐ Loss of earnings (to date) | $ | |
| d. ☐ Loss of future earning capacity (present value) | $ | |
| e. ☐ Property damage | $ | |
| f. ☐ Funeral expenses (wrongful death actions only) | $ | |
| g. ☐ Future contributions (present value) (wrongful death actions only) | $ | |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) | $ | |
| i. ☐ Other (specify) | $ | |
| j. ☐ Other (specify) | $ | |
| k. ☐ Continued on Attachment 2.k. | | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

63

LexisNexis® Automated California Judicial Council Forms

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin L. Elder, Esq.   (State Bar # 148034)<br>PENNEY & ASSOCIATES<br>6536 LONETREE BOULEVARD<br>ROCKLIN, CA 95765 | (916) 786-7662<br>FAX NO.:<br>(916) 786-0144 | |

ATTORNEY FOR (name): Plaintiffs REUBEN and MAYUMI ISHII, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: REUBEN ISHII, MAYUMI ISHII, et al.
DEFENDANT: SEARS, ROEBUCK AND CO., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2010-00364742 |
|---|---|

To (name of one defendant only): SEARS, ROEBUCK AND CO.
Plaintiff (name of one plaintiff only): KAYLEE ISHII, by and through Successor in Interest REUBEN ISHII
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| **1. General damages** | |
| a. ☐ Pain, suffering, and inconvenience .......................................................................... | $ _____ |
| b. ☐ Emotional distress. ................................................................................................. | $ _____ |
| c. ☐ Loss of consortium .................................................................................................. | $ _____ |
| d. ☐ Loss of society and companionship (wrongful death actions only) ............................ | $ _____ |
| e. ☐ Other (specify) ...................................................................................................... | $ _____ |
| f. ☐ Other (specify) ...................................................................................................... | $ _____ |
| g. ☐ Continued on Attachment 1.g. | |
| **2. Special damages** | |
| a. ☒ Medical expenses (to date) ...................................................................................... | $ 100,000.00 |
| b. ☐ Future medical expenses (present value) ................................................................. | $ _____ |
| c. ☐ Loss of earnings (to date) ....................................................................................... | $ _____ |
| d. ☐ Loss of future earning capacity (present value) ........................................................ | $ _____ |
| e. ☐ Property damage .................................................................................................... | $ _____ |
| f. ☐ Funeral expenses (wrongful death actions only) ....................................................... | $ _____ |
| g. ☐ Future contributions (present value) (wrongful death actions only) ............................ | $ _____ |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) ............. | $ _____ |
| i. ☐ Other (specify) ...................................................................................................... | $ _____ |
| j. ☐ Other (specify) ...................................................................................................... | $ _____ |
| k. ☐ Continued on Attachment 2.k. | |

3. ☒ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____ Unknown
when pursuing a judgment in the suit filed against you.

Date: 4/28/2010

Kevin L. Elder
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

64

LexisNexis® Automated California Judicial Council Forms

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 832 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, AND REUBEN ISHII AS SUCCESSOR IN INTEREST OF KAYLEE ISHII, DECEASED | **DEFENDANTS** <br> SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 1 to 100, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Kevin L. Elder, Esq. <br> PENNEY & ASSOCIATES <br> 6536 Lonetree Boulevard <br> Rocklin, CA 95765 | Attorneys (If Known) <br> Samuel C. Taylor; Todd Benoff; Elizabeth A. Sperling; Cassandra Hooks <br> ALSTON & BIRD LLP <br> 333 S. Hope St., 16th Floor, Los Angeles, CA 90071 <br> (213) 576-1000 Phone <br> (213) 576-1100 Facsimile <br> Counsel for Defendants Electrolux Home Products, Inc., erroneously sued herein as Electrolux Major Appliances North America, Electrolux North America, Inc., and Frigidaire; and Sears, Roebuck and Co. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No         ☒ **MONEY DEMANDED IN COMPLAINT: $** Greater than $75,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114, 28 U.S.C. § 1332(a)(1)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☒ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

| | |
|---|---|
| **FOR OFFICE USE ONLY:**   Case Number: | **SACV10-00832** |

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

1211124.1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Electrolux Home Products, Inc. is a citizen of the states of Delaware and Georgia
Defendant Sears, Roebuck and Co. is a citizen of the states of New York and Illinois
Defendant Sears Holdings Corporation is a citizen of the states of Delaware and Illinois
Defendant Frigidaire is a registered trade name of Electrolux whose citizenship is
disregarded for purposes of the diversity of citizenship analysis |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _ELIZABETH A. SPERLING_   Date June 11, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

J211124.1