SAMUEL C. TAYLOR (State Bar No. 086580)
TODD BENOFF (State Bar No. 192983)
CASSANDRA HOOKS (State Bar No. 244471)
**ALSTON & BIRD LLP**
333 South Hope Street
Suite 1600
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: Sam.Taylor@alston.com
       Todd.Benoff@alston.com
       Cassandra.Hooks@alston.com

Attorneys for Defendants
Electrolux Home Products, Inc. and
Sears, Roebuck and Co.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, AND REUBEN ISHII AS SUCCESSOR IN INTEREST OF KAYLEE ISHII, DECEASED,<br><br>        Plaintiff,<br><br>    v.<br><br>SEARS, ROEBUCK AND CO., ELECTROLUX HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 1 to 100, inclusive,<br><br>        Defendant. | Case No. SACV 10-00832-JVS (RNBx)<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER**<br><br>Honorable Robert N. Block, Magistrate Judge<br>Courtroom 10C<br><br>Filing Date: April 19, 2010<br>First Amended Complaint Filed: July 16, 2010<br>Second Amended Complaint Filed: August 17, 2010 |

LEGAL02/32127724v2

## **STIPULATED PROTECTIVE ORDER**

Plaintiffs Reuben Ishii, Mayumi Ishii, Kayden Ishii, and Reuben Ishii as Successor in Interest of Kayley Ishii, deceased (collectively, "Plaintiffs"), and Defendants Electrolux Home Products, Inc. and Sears, Roebuck and Co. (collectively "Defendants") assert that they possess confidential information in the form of trade secrets or other business, personal, privileged, and/or technical information, related to the subject matter of this litigation. The parties expect that such information will be disclosed by Plaintiffs and/or Defendants during discovery in this litigation. The parties desire to limit any disclosure and prevent the use of such information for purposes other than the prosecution and defense of this action. In addition, confidential information may be produced by non-parties. This Stipulated Protective Order ("Protective Order") shall govern any document, material, item, testimony, information, or thing produced, served, generated or obtained during the discovery process or otherwise obtained in connection with this litigation, including but not limited to, entry onto land or premises and inspection of books, records documents and tangible things. The parties hereby stipulate to the following terms of a protective order regarding confidential information, and respectfully request that the Court enter this Protective Order.

### **DEFINITIONS**

1.      "Confidential Information" shall mean all originals and copies of documents in paper or electronic form and other materials or information not generally available to the public that a party to this action or a non-party believes in good faith contain confidential or proprietary technical, business, or personal information. By way of example, and not limitation, Confidential Information may include trade secrets or confidential research, inventory and unreleased products, current production processes in effect and future plans, sales, costs, profit/losses, financing, business or strategic plans, marketing plans or assessments, market forecasts, new product ideas or developments, technical information relating to

[PROPOSED] STIPULATED PROTECTIVE ORDER

LEGAL02/32127724v2

design, development, manufacture, assembly, marketing, and sale of products or services, test and system operation data, confidential information related to competitive bidding, medical records, and employment information including, without limitation, employment agreements, personnel files, personnel records, and earnings statements.  Any information derived from Confidential Information also constitutes Confidential Information to the extent such derived information embodies, contains, or discloses any Confidential Information.

2.    The term Confidential Information shall include all information, documents and things incorporating or reflecting Confidential Information including, without limitation, copies, drafts, summaries, compilations, abstracts, notes, derivatives, photographs, negatives, blow-ups, exhibits, communications in written or oral form, and similar things.

3.    The parties agree that they will not designate any document, testimony or other material as Confidential Information unless they believe in good faith that the information so designated satisfies the criteria set forth in this Protective Order.

4.    The parties agree that to the extent that information is designated as Confidential Information, the fact of such designation shall not constitute an express or implied waiver of any attorney-client or work product privilege with respect to such information.

**QUALIFICATION**

5.    No item shall qualify for protection as Confidential Information if such item: (a) is disclosed in a printed publication available to the public or trade by reason of dissemination by one having the right and authorization to do so; (b) is independently developed by the receiving party, or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order; (c) is lawfully in the receiving party's possession prior to the disclosure unless the party's

2

LEGAL02/32127724v2

previous lawful receipt of the information is subject to an obligation of non-disclosure; or (d) is lawfully received at a later date by the receiving party from a non-party who has the right or authorization to make such a disclosure.   Further, Confidential Information shall not be construed to cover items obtained by a party independently of this litigation, when the item was obtained lawfully and without any obligation of confidentiality to a third party.

### DESIGNATION

6.   Confidential Information shall be designated and marked as follows:

a.   <u>Documents</u>:   Any document produced during discovery or otherwise disclosed in this action, and any information contained therein, may be designated by the producing party or non-party as Confidential Information by placing the following legend, or equivalent thereof, on any such document prior to production, service, filing, or presentation to the Court: "DESIGNATED AS CONFIDENTIAL INFORMATION FOR PURPOSES OF THIS LITIGATION ONLY."   Such legend shall be placed upon the first page of the document containing Confidential Information and upon each page within such document considered to contain Confidential Information.

b.   <u>Electronic or Non-Written Materials</u>:   Any electronic or non-written Confidential Material (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material as "DESIGNATED AS CONFIDENTIAL INFORMATION FOR PURPOSES OF THIS LITIGATION ONLY."   If the Producing Party generates any "hard copy" transcription or printout from any designated non-written materials, then the instructions in paragraph (6)(a) will apply.   In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

[PROPOSED] STIPULATED PROTECTIVE ORDER

LEGAL02/32127724v2

c.    Other Physical Exhibits:   The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit designating it as "DESIGNATED AS CONFIDENTIAL INFORMATION OF [DESIGNATING PARTY] FOR PURPOSES OF THIS LITIGATION ONLY."

d.    Responses to Interrogatories/Requests for Admission:   In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate legend shall be placed on each page of the answer or response.

e.    Deposition Proceedings:   Designation of portions, or the entirety, of deposition transcripts (including exhibits) as Confidential Information shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the designating party within thirty (30) calendar days after counsel's receipt of the transcript.   Until the expiration of the thirty (30) calendar day time period, all deposition transcripts will be treated by the parties as Confidential Information, in their entirety.   Upon designation of the transcript on the record during the deposition, the party designating a portion of the transcript confidential shall be allowed to exclude all persons to whom access to Confidential Information has been denied under the terms of the Protective Order for the portion of the deposition that contains Confidential Information.   The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition which has been stated to contain Confidential Information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

Designations made within thirty (30) calendar days after receipt of the transcript of a deposition shall be made by sending written notice (by facsimile if possible) to the Court Reporter, to counsel for all parties to this action, and to any other person known to have a copy of said transcript.   The notice shall reference this

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

Protective Order and identify the pages and/or exhibits or the transcript so designated. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material therein and shall be governed by the terms of this Protective Order.

7. <u>Court Procedures</u>:  In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Information," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**ACCESS TO CONFIDENTIAL INFORMATION**

8. Access to Confidential Information shall be limited to those individuals identified in the following paragraphs and the Court, the jury, employees of the Court, court reporters who transcribe depositions in this case, and videographers who videotape depositions in this case.

9. In the absence of written permission from the designating party or further order of the Court, Confidential Information shall not be disclosed to any person other than:

a. any named party to this litigation, including any present or former employee or agent thereof to whom it is necessary that the designated material be shown for purposes of the litigation;

b. outside counsel for parties to this litigation, and persons working solely in secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this action, and persons working for outsourced copying services who assist in the copying of documents or materials;

c. authors, creators, addressees, and recipients who prior to disclosure

lawfully received or had access to the information;

d. expert witnesses or consultants (with the exception of jury and graphics consultants who are dealt with in subsection (e) below), and the employees of such experts or consultants who are assisting them, retained by the receiving party or their respective attorneys in connection with this action after compliance with Paragraph 10 herein;

e. jury consultants and consultants who assist in creating graphics, demonstratives, demonstrations, and animations and persons who are assisting those consultants in this action.

Prior to any permitted disclosure of Confidential Information to any persons identified under subsections (c) or (e) of this paragraph, each such person shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached as Exhibit A, acknowledging that such person is familiar with the provisions of this Protective Order and will abide by them. A copy of such acknowledgement must be served on the other party by facsimile, personal delivery, or overnight delivery before disclosure of Confidential Information to that person. The original signed acknowledgement shall be kept by the employing counsel.

10. Before any disclosure of Confidential Information to any non-party expert witness or consultant identified in subsection (d) of Paragraph 9 is permitted, the following requirements must be met:

a. A non-party expert witness or consultant shall be furnished with a copy of this Protective Order and execute a written statement under oath, in the form attached as Exhibit A, acknowledging that he/she has read and understands the provisions of this Protective Order and will abide by them. No party will be required to furnish a copy of the signature page for any designated expert until the court ordered date for disclosure of expert witnesses.

b. A non-party expert witness or consultant shall identify to counsel

[PROPOSED] STIPULATED PROTECTIVE ORDER

for the receiving party of the Confidential Information whether or not he/she was a past employee, officer, consultant, or agent of: (1) a party, (2) any of its subsidiaries, (3) any company that, as far as the non-party expert witness or consultant is aware, performed services under a joint development or collaboration agreement with a party, or (4) any company or entity that, as far as the non-party expert witness or consultant is aware, competes directly or indirectly with a party;

c.      A non-party expert witness or consultant shall confirm to counsel for the receiving party of the Confidential Information that he/she is not a present employee, officer, consultant, agent or is a current shareholder of: (1) a party, (2) any of its subsidiaries, or (3) any company that, as far as the non-party expert witness or consultant is aware, performed services under a joint development or collaboration agreement with a party, or (4) any company or entity that, as far as the non-party expert witness or consultant is aware, competes directly or indirectly with a party;

d.      A non-party expert witness or consultant shall identify to counsel for the receiving party of the Confidential Information any other relationship which the non-expert witness or consultant in good faith believes may create a potential conflict of interest.

In the event that the non-party expert witness or consultant identifies a relationship under subsections (b), (c) or (d) of this Paragraph, counsel for the receiving party must promptly disclose the nature of such relationship all other parties. Confidential Information shall not be furnished by counsel for the receiving party to the non-party expert witness or consultant until after ten (10) calendar days after the disclosure requirements set forth in this Paragraph have been met.  If any party objects in writing within this ten-day period, no disclosure shall be made to such non-party expert witness or consultant until after the disclosure sought is approved by the objecting party or by the Court.  If, after fulfilling the requirements of Local Rule 37-1, the parties are unable to resolve a disagreement as to whether or not the non-party expert witness or consultant may receive Confidential Information, then the objecting

7                [PROPOSED] STIPULATED PROTECTIVE ORDER

1   party may move the Court requesting that the disclosure not be permitted, and it shall

2   be the burden of the party objecting to the disclosure to show that the disclosure

3   should not be made.  The objecting party shall prepare its portion of an appropriate

4   joint stipulation and shall personally deliver, e-mail, or fax it to the opposing party

5   within fifteen (15) calendar days of the objecting party's written objection to

6   disclosure; otherwise, the objection is deemed waived.  If either the ten-day period or

7   fifteen-day period referenced in this paragraph concludes on a weekend day or an

8   official Court holiday, the deadline shall be the next business day immediately

9   following such weekend day or official Court holiday.  Nothing contained in this

10  paragraph is intended to abrogate or modify the obligation of each party to strictly

11  comply with all procedures provided in Local Rules 37-1 and 37-2.

12                    **USE OF CONFIDENTIAL INFORMATION**

13          11.     A party or non-party whose Confidential Information will be

14  discussed or disclosed during a deposition has the right to exclude from the deposition

15  room any persons to whom disclosure of Confidential Information is not authorized

16  under this Protective Order, but only during such time as Confidential Information is

17  being discussed or disclosed.

18          12.     All documents, materials, items, things, transcripts or information

19  designated under this Protective Order as Confidential Information shall be kept and

20  maintained by the receiving party in such a manner as to ensure that access thereto is

21  limited to the persons properly having access thereto under the terms of this Protective

22  Order.

23          13.     Nothing in this Protective Order shall limit either party or any

24  other person in the use of its, his, or her own documents, things, and/or information

25  for any purpose or from disclosing its, his, or her own Confidential Information to any

26  other person or from introducing such documents, things, and/or information into

27  evidence at any Court hearing or trial, subject to the applicable rules of evidence.

28          14.     All Confidential Information produced in accordance with the

                                        8                    [PROPOSED] STIPULATED PROTECTIVE
                                                             ORDER

provisions of this Protective Order shall be utilized by the receiving party solely and exclusively for this litigation and may not be used by the receiving party in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever. Confidential Information produced in accordance with the provisions of this Protective Order shall not be used for or in connection with research, development, manufacture, sales or marketing of any product or service.

15.    Material designated as Confidential Information may be disclosed to mock jurors engaged by any consultant in preparation for trial, provided that any such mock jurors shall first agree in writing to be bound by this Protective Order (by signing a document substantially in the form of Exhibit A), and such agreement shall be retained under the control of counsel until final termination of this action, as defined in the preceding paragraph.

## DISPUTES AS TO DESIGNATION

16.    Each party and any non-party who has agreed in writing to be bound by the terms of this Protective Order may designate, at its sole discretion, items as Confidential Information.  A party to this Protective Order who receives any Confidential Information and disagrees with its designation as Confidential Information, in full or in part, shall notify the designating party in writing.  After notification, the parties shall meet and confer, in accordance with the requirements of Local Rule 37-1, regarding the designation and/or status of the subject information proffered within the context of this Protective Order.  If the recipient and designating party are unable to concur upon the designation and/or status of the subject information, any party to this Protective Order may raise the issue of the designation or status to the Court through the procedure provided in Local Rule 37-2.  The information shall remain as designated under the status given to it by the designating party unless and until the parties agree to change the designation or the Court rules on the designation.  It shall be the burden of the party challenging the designation to show that the designation by the designating party is improper.  Nothing contained in

9

1  this paragraph is intended to abrogate or modify the obligation of each party to strictly

2  comply with all procedures provided in Local Rules 37-1 and 37-2.

3       17.   Nothing in this Protective Order shall constitute a waiver of the

4  right of any party to object at trial as to the authenticity, competency, relevance or

5  admissibility of any information or to the fact that any Confidential Information has

6  been so designated.  Furthermore, nothing in this Protective Order shall constitute a

7  waiver of any party's right to file a motion in limine to preclude the trier of fact from

8  being advised of such designation during trial, nor shall this Protective Order, or

9  actions taken pursuant to it, constitute an admission that materials designated as either

10  Confidential Information actually are confidential.

11                                    **SURVIVAL**

12       18.   This Protective Order shall survive the termination of this action

13  with respect to any Confidential Information without time limits.  As defined in

14  Paragraph 15 above, "termination of this action" means the earlier of either (a) when

15  there is a settlement with prejudice of this litigation with respect to all causes of

16  action, or (b) when a final judgment ending this action is no longer subject to appeal.

17       19.   Within sixty (60) days of termination of this action, all

18  Confidential Information of the other party shall be destroyed with certification of

19  such destruction provided to counsel for the producing party upon request, except that

20  outside counsel may keep one copy of a complete set of pleadings, depositions

21  transcripts and exhibits, trial exhibits entered into evidence, and attorney and

22  consultant work product for its own records.

23       20.   Each party agreeing to be bound by this Protective Order submits

24  to the jurisdiction of the Court for purposes of enforcement, adjudicating claims of

25  breach, and administering damages and other remedies (including but not limited to

26  injunctive relief and monetary damages).

27                          **INADVERTENT DISCLOSURE**

28       21.   The inadvertent production or filing of documents and/or things, or

[PROPOSED] STIPULATED PROTECTIVE
ORDER

the inadvertent failure to designate portions of any deposition transcripts with a Confidential Information designation will not constitute a waiver of confidentiality. Any document or thing inadvertently produced without such designation shall, upon written request to the receiving party made within twenty (20) calendar days of learning of the inadvertent production or failure to designate, be either returned to the producing party in order to affix a designation, or be affixed by the receiving party with the designation requested by the producing party. The receiving party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure prior to the receipt of notice of the revised designation to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

22.    The inadvertent production by a party or a non-party of attorney-client privileged or work product documents (regardless of the form) will not constitute, and will not be argued to constitute, a waiver of the privileged status of these documents or information. Any inadvertently produced document or information subject to the attorney-client privilege or work product doctrine (including all copies of such privileged documents and attorney notes created from the privileged documents containing the substance of such privileged documents, or the like, in the possession of the receiving party) shall be returned to the producing party, or destroyed by the receiving party, upon written request to the receiving party which identifies the inadvertently disclosed document and is made within twenty (20) calendar days of the producing party learning of the inadvertent production of privileged material.

23.    If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the producing party, and shall use its best efforts to

[PROPOSED] STIPULATED PROTECTIVE ORDER

prevent further improper disclosure.  Nothing in this stipulation will be construed to limit the ability of the non-producing party to request sanctions for the producing party's disclosure of confidential information to third parties to whom production is not authorized under this agreement.

## MODIFICATION

24.   The parties may by stipulation provide for exceptions to this Protective Order, subject to the Court's approval, and any party may seek an order of this Court seeking relief from or otherwise modifying or furthering this Protective Order upon good cause shown.

## OBLIGATION OF PARTIES

25.   All of the parties and their counsel of record undertake to abide by, and be bound by, the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

26.   Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information, provided counsel does not disclose Confidential Information in a manner not specifically authorized under this Protective Order.

27.   By entering this Protective Order and limiting the disclosure of information in this case, this order shall not preclude another Court from finding that information may be subject to disclosure in that case, notwithstanding the existence of this confidentiality order.  Any person or party subject to this Protective Order that may be subject to a motion to disclose another party's information designated confidential pursuant to this Protective Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.  However, nothing contained in this Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

[PROPOSED] STIPULATED PROTECTIVE ORDER

**STIPULATION**

It is hereby stipulated that the foregoing Protective Order may be made and entered by the Court.  It is further stipulated that the parties will abide by this Protective Order from the date of execution of this Stipulation.  The parties, through their undersigned counsel, respectfully request that the Court enter this stipulation as an Order.

IT IS SO STIPULATED.

Dated:  November 10, 2010

KEVIN L. ELDER
**PENNEY & ASSOCIATES**

/s/ Kevin Elder
Kevin Elder
Attorneys for Plaintiffs Reuben Ishii, Mayumi Ishii, Kayden Ishii, and Reuben Ishii as Successor in Interest of Kayley Ishii

DATED:  November 10, 2010

SAMUEL C. TAYLOR
TODD BENOFF
CASSANDRA HOOKS
**ALSTON & BIRD LLP**

/s/  Todd Benoff
Todd Benoff
Attorneys for Defendants Electrolux Home Products, Inc. and Sears, Roebuck and Co.

**ORDER**

**IT IS SO ORDERED.**

DATED: <u>November 12</u>, 2010

Honorable Robert N. Block
Magistrate Judge of the District Court

13

[PROPOSED] STIPULATED PROTECTIVE ORDER

LEGAL02/32127724v2

1

# EXHIBIT A

2

## UNITED STATES DISTRICT COURT

3

### CENTRAL DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

| | |
|---|---|
| REUBEN ISHII, MAYUMI ISHII, AND KAYDEN ISHII, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, REUBEN ISHII, AND REUBEN ISHII AS SUCCESSOR IN INTEREST OF KAYLEE ISHII, DECEASED, | Case No. SACV 10-00832-JVS (RNBx) |
| | **AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION AND COMPLY WITH THE PROVISIONS OF PROTECTIVE ORDER** |
| Plaintiff, | |
| v. | Honorable James V. Selna<br>Courtroom 10C |
| SEARS, ROEBUCK AND CO., ELECTROLUX HOLDINGS CORPORATION, FRIGIDAIRE, ELECTROLUX MAJOR APPLIANCES NORTH AMERICA, and DOES 1 to 100, inclusive, | Filing Date: April 19, 2010<br>First Amended Complaint Filed: July 16, 2010<br>Second Amended Complaint Filed: August 17, 2010 |
| Defendant. | |

11

12

13

14

15

16

17

ACKNOWLEDGEMENT OF _____

18

    I, _____, declare:

19

        1.    My address is _____

20

_____.

21

        2.    My present occupation is

22

_____.  [Experts and consultants]  I have been

23

retained by _____ in the capacity of

24

_____ to _____.

25

        3.    I have received a copy of the Protective Order in this action, and I

26

have carefully read and understand the provisions of the Protective Order.

27

        4.    I will comply with all the provisions of the Protective Order.  I will

28

hold in confidence, will not disclose to anyone other than those persons specifically

[PROPOSED] STIPULATED PROTECTIVE ORDER

authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated Confidential Information. which I receive in this action.

5.    I will return all materials containing Confidential Information or any portions or copies, summaries, abstracts or indices thereof which come into my possession and documents or things which I have prepared relating thereto and containing such Confidential Information, to counsel for the party by whom I am retained or employed when my services in this matter have been concluded.

6.    I hereby submit to the jurisdiction of the Court for the purposes of enforcement, adjudicating claims of breach, and administering damages and other remedies in connection with the terms and conditions of the Protective Order and the terms and conditions of this Declaration.

Executed this ____ day of _____, at _____.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

_____

[PROPOSED] STIPULATED PROTECTIVE ORDER